COBB, Judge.
The appellant, J.C. McGaster, has appealed the trial court’s denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief. The petition challenged his conviction for intentional murder. The appellant’s conviction was affirmed by unpublished memorandum, rehearing was denied, and the certificate of judgment was entered on May 30, 1995.
The appellant’s petition alleged:
1) That the trial court erred in denying his motion for a mistrial based on the prosecutor’s impermissible suggestion to the jury of incriminating facts that were not introduced into evidence.
2) That the trial court erred in failing to give a curative instruction concerning the prosecutor’s comment in paragraph 1 above, until the day after the comments were made.
3) That the trial court erred in refusing to give the appellant’s written requested jury charge regarding the deceased’s alleged reputation for violence and the jury’s consideration of that reputation in determining whether the appellant acted in self-defense.
4) The appellant’s counsel was ineffective because, he alleges, trial counsel failed “to object to the prosecutor’s suggestion before the jury of prior bad acts in a timely manner, where no conviction or evidence were had and such was only used to lead the jury to believe that the petitioner had a bad character.” C.R. 19.
5) That the appellant did not receive a fair trial because, he says, his due process rights were violated.
6) That the conviction was obtained in violation of the protection against double jeopardy.
The trial court held a hearing on the appellant’s petition. At the beginning of the hearing the trial court correctly ruled that the appellant’s double jeopardy issue was precluded from review because it should have been, but was not, raised on direct appeal. Rule 32.2(5), Ala.R.Crim.P. The remainder of the hearing dealt with the appellant’s argument concerning ineffective assistance of counsel. At the conclusion of the hearing the trial court ruled by simply stating, “Deny your petition.” R. 21. Rule 32.9(d), Ala.R.Crim.P., states that after a hearing on a Rule 32 petition, “[t]he court *1002 shall make specific findings of fact relating to each material issue of fact presented.” “These findings of fact, which form the basis for the trial court’s denial of a petitioner’s Rule 32 petition, are necessary to afford the petitioner due process.” Brown, v. State, 677 So.2d 1266 (Ala.Cr.App.1996). The circuit court failed to make such findings.
Therefore, this court remands this cause to the circuit court to make specific findings of fact as to each material issue raised in this petitioner’s Rule 32 petition. A return to remand will be made with this court within 70 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
All the Judges concur.

 Note from the Reporter of Decisions: On January 17, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion.