The State of Alabama appeals from the order of the Circuit Court of Lauderdale County granting John L. Richardson's Rule 32, Ala.R.Crim.P., petition for post-conviction relief. We reverse.
John L. Richardson was arrested on April 15, 1994, after he was found to be in possession of approximately 35 pounds of marijuana. On April 25, 1994, the prosecutor filed a petition for forfeiture and condemnation pursuant to Ala. Code 1975, § 20-2-93, seeking an order for the forfeiture and sale of certain property Richardson owned. He was charged by information with unlawful possession of marijuana, first degree, a violation of Ala. Code 1975, § 13A-12-213, on November 10, 1994. On December 17, 1994, Richardson entered a guilty plea to the first degree possession charge.
On January 23, 1995, Richardson and the State filed a "stipulation of dismissal" in the civil forfeiture case. The joint stipulation indicates that the parties agreed that the State would return certain of the seized items to Richardson and that certain items would be placed in the State's possession. The stipulation also indicates that Richardson paid $5,000 to the City of Florence. The parties requested that the court dismiss the petition for forfeiture and condemnation. (R. 80-82.) On January 23, 1995, the circuit court dismissed the forfeiture case.
On February 17, 1995, the circuit court sentenced Richardson to eight years' imprisonment on the possession charge. Richardson did not appeal.
On October 11, 1995, Richardson filed a petition for postconviction relief pursuant to Rule 32, Ala. R.Crim. P. He alleged that his stipulation to forfeit certain items of property, along with his guilty plea and the resulting eight-year sentence, constituted double punishments for the same offense, and that principles of double jeopardy required the court to vacate his sentence.
On August 2, 1996, the State filed a response to the Rule 32 petition. The State argued that Richardson's bargained for plea and his stipulation to the forfeiture dismissal provided a basis for denying the Rule 32 petition. The State also cited United States v. Ursery, 518 U.S. 267, 116 S.Ct. 2135,135 L.Ed.2d 549 (1996), as additional support. In that case, the Supreme Court held that in rem civil forfeitures are neither punishment nor criminal actions, and thus the double jeopardy clause was not necessarily implicated in forfeiture proceedings.
On October 4, 1996, the circuit court entered an order stating that the in rem forfeiture was punitive and was the equivalent of a criminal proceeding and, therefore, violated double jeopardy protections. The court held that the conviction was "invalid for former jeopardy purposes"; that the original criminal indictment was void "in regard to further State proceedings"; that no further criminal indictments related to this crime could be levied against Richardson; and that Richardson was to be granted immediate and unconditional release from custody. (R. 93-94.)
The State filed a motion to stay the court's order, citing this court's decision in Wilhite v. State, 689 So.2d 221
(Ala.Crim.App. 1996), in which we held that a defendant is not placed in double jeopardy by the State's pursuit of both criminal sanctions and a civil forfeiture in a drug case. The circuit court granted the motion and set the matter for a hearing. On October 22, 1996, after the hearing, the court entered an order stating that the confiscation of Richardson's property "was so severe a sanction as to transform a clearly intended civil remedy into a criminal penalty," and that double jeopardy principles applied to the *Page 423 
case. (R. 106.) The court then lifted the stay and reinstated its original order. The State now appeals.
The State contends that the circuit court's order granting post-conviction relief should be reversed on the basis ofWilhite, and because Richardson did not establish that the forfeiture was so severe as to transform it into a punitive sanction. While we agree that the judgment is due to be reversed, we do so on other grounds.
Richardson's claim was not properly before the circuit court in this Rule 32 proceeding because it was precluded from review. Richardson had the opportunity to, but did not, raise the double jeopardy issue at trial and on appeal. Therefore, Rule 32.2(a)(3) and (a)(5), Ala. R.Crim. P., precludes him from relief in this post-conviction proceeding. We must reverse on this basis.
We note, furthermore, that the forfeiture in this case resulted from a stipulation between Richardson and the State. Under the terms of that stipulation, the State returned certain items of seized property, Richardson forfeited certain items of seized property, and both parties sought dismissal of the civil forfeiture action, which the court granted. The State did not impose any civil sanctions; rather, the State was responsible for securing the dismissal of the forfeiture action against Richardson. Forfeiture resulted not as a sanction by the court, but because Richardson voluntarily forfeited certain items of his property as part of his agreement with the State. Therefore, his assertion that the State somehow punished him by taking his property is false. Double jeopardy can have no application because Richardson was punished only once by the imposition of the eight-year sentence. Richardson will not now be heard to complain of an agreement into which he freely entered.
The circuit court's order granting Richardson's Rule 32 petition is reversed.
REVERSED AND REMANDED.
All the Judges concur.