[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 500 
On May 6, 1994, a Jefferson County grand jury returned an indictment charging the appellant, Jeffery Lynn Borden, with two counts of capital murder. Count I of the indictment charged the appellant with the capital offense of murder wherein two or more persons are murdered by one act or pursuant to one scheme or course of conduct. § 13A-5-40(a)(10). Count II of the indictment charged the appellant with the capital offense of murder committed by or through the use of a deadly weapon fired from outside a dwelling while the victim was inside the dwelling. § 13A-5-40(a)(16), Ala. Code 1975. The jury returned verdicts finding the appellant guilty of capital murder, as charged in Count I of the indictment, and guilty of intentional murder, a lesser included offense of the capital murder charge in Count II of the indictment. See § 13A-6-2(a)(1), Ala. Code 1975. The trial court entered judgments of convictions on both verdicts.
With regard to the appellant's conviction for capital murder under Count I of the indictment, the jury, by a vote of 10 to 2, recommended that the appellant be sentenced to death. The trial court, following the jury's recommendation, sentenced the appellant to death by electrocution for capital murder. With regard to the appellant's conviction for intentional murder as a lesser included offense under Count II of the indictment, the trial court sentenced the appellant to life in prison.
The evidence tended to show that on Christmas Eve of 1993, there was a large family gathering at the home of Juanita and Roland Harris in Gardendale. At around *Page 501 
6:45 p.m., the appellant, who was married to but legally separated from the Harris's daughter, Cheryl Borden, arrived at the Harris's residence with his and Cheryl's three children. The children, who had continued to live with their mother in Gardendale after her separation from the appellant, had spent the previous week visiting the appellant in Huntsville — where the appellant was then residing. The appellant was to return the children to Gardendale in time to spend Christmas with their mother. When the children arrived at their grandparents' house, their grandfather, Roland Harris, came outside to help unload their clothes and Christmas gifts from the appellant's car. Shortly thereafter, the children's mother, Cheryl Borden, arrived at her parents' house and began to help her children move some of their things from the appellant's car to her car. In front of the children, the appellant then took out .380 caliber semiautomatic pistol and shot Cheryl Borden in the back of her head. Cheryl fell to the ground. Her father, Roland Harris, who was also present in the front yard, began to run toward the front door of the house yelling for someone to telephone 911. The appellant chased Harris and fired several shots toward him and in the direction of the house. Harris made it into the house as the appellant continued to shoot at him from the yard. One of the bullets fired from the appellant's gun struck and shattered a glass storm door at the front entrance of the house. Once inside the house, Harris collapsed on the floor. At some point during the shooting, a bullet had struck Harris in his back. As the appellant shot at Harris, the three children ran through the garage of the residence and came into the house through a back entrance, screaming that their father had shot their mother and that she was dead. Several other family members were inside the house during the incident and scrambled to take cover from the gunfire.
Cheryl Borden and her father, Roland Harris, were transported to a local hospital, where they died later that evening. The appellant was arrested and charged with their murders.
The pistol used in the shooting incident was recovered at the crime scene. Testimony at trial indicated that the pistol held a total of eight rounds of ammunition and that when it was recovered, it contained one unfired cartridge. There was evidence that at least some of the bullets fired by the appellant entered the living area of the house.[1]
 I
The appellant contends that Count I of the indictment — which charged him with the capital offense of murder wherein two or more persons are murdered by one act or pursuant to one scheme or course of conduct — was duplicitous and violated his due process rights. Duplicative counts in an indictment result from the improper joinder of two or more separate and distinct offenses in one and the same count. Capps v. State,587 So.2d 442 (Ala.Cr.App. 1991); Tucker v. State, 537 So.2d 59
(Ala.Cr.App. 1988). See 42 C.J.S., Indictments and Informations
§ 148 at 473 (1991); United States v. Burton, 871 F.2d 1566,1573 (11th Cir. 1989). In his argument that Count I is duplicitous, the appellant maintains that the murder of Cheryl Borden and the murder of Roland Harris constituted separate offenses, which, he says, should not have been joined in Count I of the indictment.
The record reflects that the appellant filed a pretrial motion to dismiss the indictment on the grounds that it wasmultiplicitous and exposed him to double jeopardy.[2] The appellant argued in support of this *Page 502 
motion during his trial. The thrust of his argument at trial was that the two counts of capital murder in the indictment each arose out of a single act and thus exposed him to double jeopardy. On appeal, for the first time, the appellant argues that Count I of the indictment was duplicitous, in that it joined two separate offenses in the same count. Because this issue was not presented to the trial court, we must evaluate the appellant's claim on appeal under the plain error standard of review. Rule 45A, Ala.R.App.P; see Jenkins v. State,627 So.2d 1034 (Ala.Cr.App. 1992), aff'd, 627 So.2d 1054, (Ala. 1993), cert. denied, 511 U.S. 1012, 114 S.Ct. 1388,128 L.Ed.2d 63 (1994).
The charging portion of Count I of indictment returned against the appellant provided as follows:
 "JEFFERY LYNN BORDEN, whose name is to the grand jury otherwise unknown, did by one act or pursuant to one scheme or course of conduct, did intentionally cause the death of Cheryl Borden by shooting her with a pistol and did intentionally cause the death of Roland Dean Harris by shooting him with a pistol, in violation of Section 13A-5-40(a)(10) of the Alabama Criminal Code, against the peace and dignity of the State of Alabama."
(C. 13.)
Section 13A-5-40(a)(10), Ala. Code 1975, provides that the following is a capital offense:
 "Murder wherein two or more persons are murdered by the defendant by one act or pursuant to one scheme or course of conduct."
" 'An indictment is sufficient which substantially follows the language of the statute, provided the statute prescribes with definiteness the constituents of the offense.' "Tucker, 537 So.2d at 60, quoting Ex parte Allred,393 So.2d 1030, 1032 (Ala. 1981). Count I of the indictment in this case accurately conformed to the statutory language of §13A-5-40(a)(10), which defines the capital offense of multiple murder. It did not improperly join two separate and distinct offenses, but charged one offense — the capital offense of murder wherein two or more persons are murdered by one act or pursuant to one scheme or course of conduct. It alleged all the elements of the charged offense, was sufficiently definite to inform the appellant of what he was called upon to defend, and would not tend to result in a conviction based on a jury's finding that the appellant had murdered only one of the persons named in the indictment. See Williams v. State, 710 So.2d 1276
(Ala.Cr.App. 1996); Tucker, 537 So.2d at 60-61; Rule 13.2 and 13.3, Ala.R.Crim.P. Count I of the indictment satisfied the constitutional requirements of due process. There was no error, plain or otherwise, with respect to this issue.
 II
Although the indictment returned against the appellant was facially valid, we find that the trial court was without jurisdiction to adjudge the appellant guilty of both capital murder for the double murder of Cheryl Borden and Roland Harris, as charged in Count I of the indictment, and guilty of the intentional murder of Roland Harris, as a lesser included offense of the capital murder *Page 503 
charge in Count II of the indictment. The record establishes that these two offenses arose out of the same conduct and that the appellant's conviction for the intentional murder of Roland Harris under Count II of the indictment constituted a conviction for the same murder of Roland Harris that was an element of the capital offense of double murder for which the appellant was also convicted under Count I of the indictment. Section § 13A-1-8(b), Ala. Code 1975, provides, in part, as follows:
 "When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
 "(1) One offense is included in the other, as defined in section § 13A-1-9. . . ."
Because intentional murder, as defined in § 13A-6-2(a)(1), Ala. Code 1975, is an element of the capital offense of double murder, as defined in § 13A-5-40(a)(10), Ala. Code 1975, and this element must be proven to support a conviction of the capital offense, "intentional murder is by definition and statute a lesser-included offense of § 13A-5-40(a)(10)."Holladay v. State, 549 So.2d 122 (Ala.Cr.App. 1988), aff'd,549 So.2d 135 (Ala.), cert. denied, 493 U.S. 1012, 110 S.Ct. 575,107 L.Ed.2d 569 (1989). See Ala. Code 1975, § 13A-1-9(a)(1) ("[a]n offense is an included one if . . . '[i]t is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged' "). Thus, the principles of double jeopardy were violated when the appellant was convicted of the lesser included offense of intentional murder under Count II, which alleged the capital offense of murder committed by or through the use of a deadly weapon fired from outside a dwelling while the victim was inside a dwelling, and he was also convicted of the capital offense of double murder under Count I. See Coral v. State, 628 So.2d 954, 958
(Ala.Cr.App. 1992) (double jeopardy was violated by defendant's conviction of the lesser included offense of intentional murder under an indictment count alleging the capital offense of murder-robbery and also under an indictment count alleging the capital offense of murder-burglary, where same murder was an element of the capital offense and the intentional murder conviction).
Although the appellant does not present this specific claim on appeal and did not object in the trial court that he had been subjected to double jeopardy after the jury returned its verdicts and the trial court entered judgments of conviction on both offenses, we are nonetheless obligated to review this issue. The double jeopardy transgression in this case implicates the trial court's jurisdiction to render a judgment.Rolling v. State, 673 So.2d 812, 816 (Ala.Cr.App. 1995) (trial court did not have jurisdiction to enter judgments of conviction for both felony murder and reckless manslaughter, arising form the death of the same victim, where reckless manslaughter was a lesser included offense to felony murder). See Ex parte McKelvey, 630 So.2d 56 (Ala. 1992). We recognize that the trial court may, and indeed should, properly submit to the jury all counts of an indictment and lesser included offenses reasonably supported by the evidence, notwithstanding the fact that some of the lesser included offenses constitute the "same offense" for double jeopardy purposes. Rolling, 673 So.2d at 815 n. 1, citing Ball v. United States, 470 U.S. 856,865, 105 S.Ct. 1668, 1673-74, 84 L.Ed.2d 740 (1985), and Kingv. State, 574 So.2d 921, 935-36 (Ala.Cr.App. 1990) (Bowen, J., concurring specially). See § 13A-1-8(b). However, where, as here, the jury returns guilty verdicts for both a capital offense alleged in one count of the indictment and the lesser included offense of intentional murder of a capital offense alleged in another count of the indictment, and the same murder was an element of the capital offense and the intentional murder conviction, the trial court should enter a judgment on only one of the offenses. See Coral, 628 So.2d at 958.[3]
Accordingly, *Page 504 
this cause is remanded with directions for the trial court to vacate the appellant's conviction for intentional murder, as a lesser included offense of the capital murder charge in Count II of the indictment. However, the appellant's conviction for the capital offense of double murder under Count I of the indictment was proper in this regard, "and thus it stands."Coral, 628 So.2d at 958.
 III
The appellant contends that the jury verdicts finding him guilty of the capital offense of double murder under Count I of the indictment and guilty of the lesser included offense of intentional murder under Count II of the indictment were "inconsistent." He argues that his conviction for capital murder under Count I of the indictment should, as a consequence, be vacated. However, in Part II of this opinion we ordered that the intentional murder conviction under Count II be vacated. "[O]ut of an abundance of caution," Coral, 628 So.2d at 954, we will address the appellant's claim that the verdicts were inconsistent. This claim was not raised in the trial court and thus is subject to the plain error standard of review. Rule 45A, Ala.R.App.P.
Under Count I of the indictment, the appellant was charged with murdering Cheryl Borden and Roland Harris by one act or pursuant to one scheme or course of conduct. § 13A-,5-40(a)(10). Under Count II of the indictment, the appellant was charged with murdering Roland Harris by or through the use of a deadly weapon fired from outside a dwelling while Harris was inside a dwelling. § 13A-5-40(a)(16). Upon reviewing the facts of this case, we find no merit to the appellant's contention that the verdicts were inconsistent. The jury could have reasonably found from the evidence that the state had proved beyond a reasonable doubt that the appellant murdered Cheryl Borden and Roland Harris by one act or pursuant to one scheme or course of conduct (under Count I) and yet have reasonably found from the evidence (as to Count II) that the state had not proved beyond a reasonable doubt that Harris, who was running toward the front door of his house when the appellant began to fire at him, was inside a dwelling when the appellant murdered him. See Coral, 628 So.2d at 965 (verdict of guilty of capital offense of murder-burglary on one count of indictment was not inconsistent with jury's failure to find defendant guilty of robbery under another count of indictment charging defendant with capital offense of murder-robbery).
 IV
In accordance with Rule 45A, Ala.R.App.P., we have examined the record for any plain error with respect to the appellant's capital murder conviction and death sentence, whether or not brought to our attention or the attention of the trial court. We find no plain error or defect in the proceedings, either in the guilt phase or in the sentence phase of the trial.
We have also reviewed the appellant's sentence in accordance with the provisions of § 13A-5-53, Ala. Code 1975, which requires that, in addition to reviewing the case for any error involving the appellant's capital murder conviction, we shall also review the propriety of the death sentence. This review requires that we make a determination as to: (1) whether any error adversely affecting the rights of the defendant occurred in the sentence proceedings; (2) whether the trial court's findings concerning the aggravating and mitigating circumstances were supported by the evidence; and (3) whether death is the appropriate sentence in the case. Section13A-5-53(b) requires that, in determining whether death is the proper sentence, we determine: (1) whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor; (2) whether an independent weighing by us of the aggravating and mitigating circumstances indicates that death is *Page 505 
the proper sentence; and (3) whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant.
After the jury convicted the appellant of the capital offense charged in Count I of the indictment, a separate sentence hearing was held before the jury in accordance with §§ 13A-5-45
and -46, Ala. Code 1975. After hearing evidence concerning aggravating and mitigating circumstances; after being properly instructed by the trial court as to the applicable law; and after being correctly advised as to its function in reference to the finding of any aggravating and mitigating circumstances, the weighing of those circumstances, if appropriate, and its responsibility in reference to the return of an advisory verdict, the jury returned the following verdict: "We find that the appropriate punishment is death. The vote is ten, death; and two, life without parole." (R. 1186.)
Thereafter, the trial court held another hearing, in accordance with § 13A-5-47, Ala. Code 1975, to aid it in determining whether it would sentence the appellant to death as recommended by the jury or to life imprisonment without the possibility of parole. The trial court ordered and received a written presentence investigation report, as required by §13A-5-47(b). Upon conclusion of the hearing, the trial court entered specific written findings concerning the existence or nonexistence of each aggravating circumstance enumerated in §13A-5-49, Ala. Code 1975, each mitigating circumstance enumerated in § 13A-5-51, Ala. Code 1975, and any mitigating circumstance found to exist under § 13A-5-52, Ala. Code 1975, as well as written findings of fact summarizing the offense and the appellant's participation in the offense.
In its findings of fact, the trial court found the existence of one aggravating circumstance: that the appellant knowingly created a great risk of death to many persons. § 13A-5-49(3), Ala. Code 1975. See Madison v. State, [Ms. CR-93-1788, January 17, 1997], ___ So.2d ___ (Ala.Cr.App. 1997) (where the evidence showed that defendant fired several shots at intended victim in residential neighborhood with a number of other persons immediately present and exposed to path of gunfire, the defendant could have foreseen a great risk of death to many persons, and the trial court properly presented to the jury the aggravating circumstance in § 13A-5-49(3)). The trial court found the existence of two statutory mitigating circumstances: (1) that the appellant has no significant history of prior criminal activity, § 13A-5-51(1); and (2) that the capital offense was committed while the appellant was under the influence of extreme mental or emotional disturbance, §13A-5-51(2). The trial court found no nonstatutory mitigating circumstances. § 13A-,5-52. The trial court's sentencing order reflects that the trial court considered all the evidence presented, the arguments of counsel, the presentence report, and the advisory verdict of the jury; that the trial court weighed the aggravating circumstance against the mitigating circumstances; and, that, finding that the aggravating circumstance outweighed the mitigating circumstances, the trial court sentenced the appellant to death.
The appellant was convicted of the offense of murder wherein two or more persons are murdered by the defendant by one act or pursuant to one scheme or course of conduct. § 13A-5-40(a)(10). This offense is defined by statute as a capital offense. We take judicial notice that similar crimes have been punished capitally throughout the state. See Siebert v. State,555 So.2d 772 (Ala.Cr.App.), aff'd, 555 So.2d 780 (Ala. 1989), cert. denied, 497 U.S. 1032, 110 S.Ct. 3297, 111 L.Ed.2d 806 (1990);Holladay v. State, 549 So.2d 122 (Ala.Cr.App. 1988), aff'd,549 So.2d 135 (Ala.), cert. denied, 493 U.S. 1012, 110 S.Ct. 575,107 L.Ed.2d 569 (1989); Peoples v. State, 510 So.2d 554
(Ala.Cr.App. 1986), aff'd, 510 So.2d 574 (Ala.), cert. denied,484 U.S. 933, 108 S.Ct. 307, 98 L.Ed.2d 266 (1987).
After carefully reviewing the record of the guilt phase and the sentence phase of the appellant's trial, we find no evidence that the sentence was imposed under the influence of passion, prejudice, or any other arbitrary factor. We conclude that the findings and conclusions of the trial court are amply supported by the evidence. We concur in the recommendation of the jury and in the judgment *Page 506 
of the trial court that death is the appropriate sentence in this case. We have independently weighed the aggravating circumstance against the mitigating circumstances, and we find that the aggravating circumstance clearly outweighs the mitigating circumstances, and we are convinced that the sentence of death is appropriate in relation to this defendant. Considering the crime committed and the defendant, we find that the sentence of death is neither excessive nor disproportionate to the penalty imposed in similar cases.
For the foregoing reasons, the appellant's conviction under Count I of the indictment for the capital offense of murder wherein two or more persons are murdered by one act or pursuant to one scheme or course of conduct and his resulting sentence are due to be, and they are hereby, affirmed. However, as discussed in Part II of this opinion, the appellant's conviction for intentional murder under Count II of the indictment is reversed, and this cause is remanded to the trial court with directions to vacate its judgment as to that conviction.
 AFFIRMED AS TO CONVICTION AND SENTENCE IMPOSED PURSUANT TO COUNT I; REVERSED AS TO CONVICTION AND SENTENCE IMPOSED PURSUANT TO COUNT II OF INDICTMENT; AND REMANDED.
All Judges Concur.
[1] Under Count I of the indictment returned against the appellant, the appellant was charged with murdering Cheryl Borden and Roland Harris by one act or pursuant to one scheme or course of conduct. § 13A-5-40(a)(10). Under Count II of the indictment, the appellant was charged with murdering Roland Harris by or through the use of a deadly weapon fired from outside a dwelling while Harris was inside the dwelling. §13A-5-40(a)(16).
[2] An indictment is multiplicitous if a single offense is alleged in more than one count, and the effect is to prejudice the jury by suggesting that more than one offense has been committed. 42 C.J.S., Indictments and Informations § 160 at 483-84 (1991). A claim of multiplicity presents a double jeopardy question. Here, Count I and Count II of the indictment were based partly on the same act: the intentional killing of Roland Harris. However, each count charged a crime containing a statutory element not contained in the other. Blockburger v. UnitedStates, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); See also Seritt v. State, 647 So.2d 1 (Ala.Cr.App. 1994). In this case, each capital offense charged required proof of an element that the other did not. Proof of the double murder charge in Count I required proof of more than one murder and proof that the multiple murders were committed by one act or pursuant to one scheme or course of conduct, which the firing-a-deadly-weapon-into-a-dwelling murder charge in Count II did not require. Proof of the firing-a-deadly-weapon-into-a-dwelling murder charge required proof that the defendant murdered the victim by firing a deadly weapon from outside a dwelling while the victim was inside a dwelling, which the double murder charge did not require. Under the Blockburger test, the appellant could properly be indicted and convicted for two separate and distinct capital offenses "notwithstanding a substantial overlap in the proof offered to establish the crimes," Iannelli v. United States, 420 U.S. 770,785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616(1975);Jackson v. State, 516 So.2d 726, 761 (Ala.Cr.App. 1985), rem'd on other grounds, 516 So.2d 768 (Ala. 1986). The indictment was not multiplicitous and the separate counts, as alleged in the indictment, did not facially violate the Double Jeopardy Clause. See Williams v. State, 710 So.2d 1276, 1321
(Ala.Cr.App. 1996).
[3] We hasten to point out that the appellant was properly charged with two capital offenses in Count I and Count II of the indictment, even though the two offenses charged in the indictment were based partly on the same intentional killing of Roland Harris. Under Blockburger v. United States,284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), because each count of the indictment charged a crime containing a statutory, element that was not contained in the other, the indictments contained no facial double jeopardy violation. See §§ 13A-5-40(a)(10) and13A-5-40(a)(16), Ala. Code 1975. Moreover, jury verdicts, judgments of conviction, and sentences for both capital offenses charged in the indictment would not fall afoul of the double jeopardy principles set out in Blockburger. See, e.g.,Seritt v. State, 647 So.2d 1 (Ala.Cr.App. 1994).