Jeffery Lynn Borden was charged with two counts of capital murder. Count I of the indictment charged Borden with the capital offense of murder wherein two or more persons are murdered by one act or pursuant to one scheme or course of conduct. Ala. Code 1975, § 13A-5-40(a)(10). Count II of the indictment charged Borden with the capital offense of murder committed by or through the use of a deadly weapon fired from outside a dwelling while the victim was inside the dwelling. Ala. Code 1975, § 13A-5-40(a)(16). The jury found Borden guilty of capital murder, as charged in Count I of the indictment, and guilty of intentional murder, a lesser included offense of the capital murder charge of Count II of the indictment. See Ala. Code 1975, § 13A-6-2(a)(1). Borden was sentenced to death for the capital murder conviction under Count I of the indictment and to life imprisonment for the intentional murder conviction under Count II of the indictment. The Court of Criminal Appeals affirmed the conviction as to the capital murder and the corresponding sentence in Count I, but reversed the conviction as to the intentional murder and the corresponding sentence in Count II and remanded the case to the trial court with directions to vacate its judgment as to the intentional murder conviction under Count II. Borden's application for rehearing was overruled and his Rule 39(k), Ala.R.App.P., motion was denied, both without opinion.
In his certiorari petition, Borden argued that Count I of the indictment was duplicitous and violated his due process rights — that his conviction for the offense described in Count I and for the offense described in Count II violated the principles of due process and former jeopardy, as well as the *Page 507 
requirements of Rule 13.3, Ala.R.Crim.P., which prevent joinder of two or more offenses in the same count of the indictment and which, he argues, are nondiscretionary. Therefore, he argues, because Count I was defective, any conviction based on that count should have been reversed, leaving only the conviction on Count II to be affirmed. We granted certiorari review to further consider the issues Borden presented in his petition and to search the record for plain error.
After thoroughly reviewing the petition, the brief in support of the petition, the brief in opposition to the petition, the Court of Criminal Appeals' opinion, the applicable law, and the record, we are satisfied that the Court of Criminal Appeals adequately addressed and correctly resolved the issues on appeal. Furthermore, despite an exhaustive review of the record, we find no plain error. Therefore, we affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
HOOPER, C. J., and MADDOX, ALMON, COOK, and SEE, JJ., concur.