The appellant, Ronald Stanley, appeals from the circuit court's revocation of his probation. On October 29, 1997, the appellant pleaded guilty to second-degree arson. He was sentenced to 15 years' incarceration. That sentence was split and he was given credit for time served and the balance of the term was suspended. He was further ordered to serve two years' supervised probation. On February 26, 1997, the circuit court *Page 822 
revoked the appellant's probation based upon his arrest and conviction for third-degree theft of property. The circuit court ordered the appellant not only to serve the remainder of his original sentence, but also to complete a substance abuse program before he could be released. The appellant asserts that the circuit court did not have the authority to order him to complete a substance abuse program and that the probation revocation violated double jeopardy principles.
 I
The appellant contends that the revocation of his probation based upon his conviction for third-degree theft constituted double jeopardy. He argues that he was punished twice for the same offense — once by his conviction and again by having his probation revoked. However, this issue was not preserved for our review, because it was not raised before the trial court.Woodberry v. State, 625 So.2d 1159, 1162 (Ala.Cr.App. 1993). Even constitutional issues must first be raised before the trial court or they are waived. Cagle v. State, 504 So.2d 1225, 1226
(Ala.Cr.App. 1987).
 II.
As the State concedes, the circuit court, after revoking the appellant's probation, did not have the authority to order him to complete a substance abuse program because to do so effectively increased his original sentence. The appellant had originally been sentenced to a prison term of 15 years without any requirement that he complete a substance abuse program. By requiring the appellant to complete such a program as well as to finish his original sentence, the circuit court was in effect increasing the severity of his sentence. See Ex parte Tice,475 So.2d 590 (Ala. 1984). Therefore, this case is due to be remanded with instructions that the circuit court amend its revocation order by removing the requirement that the appellant complete a substanee abuse program. Due return should be made to this court no later than 35 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ., concur.
* Note from the reporter of decisions: On October 23, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.