The appellant, Michael Hale, was charged with three counts of capital murder for the killing of Karen Jewell. Count I charged him with murder made capital because he committed it during the course of a robbery, § 13A-5-40(a)(2), Ala. Code 1975; Count II charged him with murder made capital because he committed it during the course of a first-degree burglary, § 13A-5-40(a)(4), Ala. Code 1975; and Count III charged him with murder made capital because he committed it during the course of a second-degree burglary, § 13A-5-40(a)(4), Ala. Code 1975. The jury acquitted the appellant on Count I and found him guilty of the lesser included offense of felony-murder on Counts II and III, violations of § 13A-6-2(a)(3), Ala. Code 1975. The trial court sentenced him to serve a term of life in prison. In an unpublished memorandum released today, we affirm as to the issues the appellant raises in his brief to this court. See Hale v. State, (Ms. CR-00-0953, August 31, 2001) ___ So.2d ___ (Ala.Crim.App. 2001) (table). In this opinion, we address the propriety of his two convictions for felony-murder.
In Ex parte Rice, 766 So.2d 143 (Ala. 1999), the Alabama Supreme Court held that § 13A-6-2(a)(3), Ala. Code 1975, creates a single offense, even though it provides alternative methods of proving the offense. The supreme court also held that double jeopardy principles prohibit multiple convictions and multiple sentences for felony-murder if the convictions and sentences arise from a single killing. In this case, the appellant was convicted of two counts of felony-murder during a burglary, and both convictions arose from the murder of Karen Jewell. Therefore, he could not properly be convicted of and sentenced for two counts of felony-murder. Initially, the trial court sentenced the appellant to serve concurrent terms of life in prison. Subsequently, pursuant to the supreme court's holding in Rice, the trial court set aside the sentences and sentenced the appellant to serve only one term of life in prison. However, in Rice, the supreme court held:
 "`The remedy of ordering one of the sentences to be served concurrently with the other cannot be squared with Congress' intention. One of the convictions, as well as its concurrent sentence, is unauthorized punishment for a separate offense. See Missouri v. Hunter, 459 U.S. 359, 368 (1983).
 "`The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate conviction, apart from the concurrent sentence, has *Page 641 
 potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. See Benton v. Maryland, 395 U.S. 784, 790-91 (1969); Sibron v. New York, 392 U.S. 40, 54-56 (1968). Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.'
"See, also, Rolling v. State, supra.
 "Neither is it an acceptable option to merely vacate one of Rice's convictions and its corresponding sentence. The jury specifically found that Rice had violated § 13A-6-2(a)(3) in two different ways — by participating in a kidnapping and causing Taylor's death and by participating in a robbery and causing Taylor's death. Based on the record before us, an appellate court's vacating one of Rice's convictions and its corresponding sentence would have the effect, albeit unintended, of nullifying a part of the jury's verdict. We think the better approach is for the Court of Criminal Appeals to remand the case to the trial court for the entry of a new order — an order that adjudges Rice guilty of Taylor's murder and sentences him for that single offense."
Rice, 766 So.2d at 152-53. Therefore, we remand this case for the trial court to enter a new order that adjudges the appellant guilty of Jewell's murder and sentences him for that single offense. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion.
AFFIRMED BY MEMORANDUM IN PART; REMANDED WITH INSTRUCTIONS IN PART.
McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.