On September 19, 1997, Andy Dean Deas was convicted of two counts of capital murder, one count of intentional murder, and one count of unauthorized use of a motor vehicle. Deas was sentenced to life imprisonment without the possibility of parole on the capital murder convictions, to life in prison on the intentional murder conviction, and to one year in prison on the conviction for unauthorized use of a motor vehicle. On appeal, this Court affirmed his convictions and sentences in an unpublished memorandum. Deas v. State, (No. CR-97-0271) 741 So.2d 482
(Ala.Crim.App. 1998) (table).[1] The certificate of judgment was issued on August 27, 1999.
On June 11, 2001, Deas filed a Rule 32, Ala.R.Crim.P., petition. On November 28, 2001, the circuit court conducted a hearing, after which it denied Deas's petition. Deas appeals the denial of his petition.
In his petition, Deas claimed that his convictions and sentences violated the constitutional guarantee against double jeopardy, as was the case with the defendant in Borden v. State, 711 So.2d 498 (Ala.Crim.App. 1997), aff'd, 711 So.2d 506 (Ala. 1998). Specifically, Deas took issue with the fact that he was convicted of and sentenced for an intentional murder that underlay one of his capital murder convictions. Deas claims on appeal that the circuit court made an erroneous finding of fact when it decided that Borden did not apply to his case because his conviction followed the release of the decision in Borden.
"[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So.2d 1097, 1098 (Ala. 2001).[2]
We held in Borden:
 "Because intentional murder, as defined in § 13A-6-2(a)(1), Ala. Code 1975, is an element of the capital offense of double murder, as defined in § 13A-5-40(a)(10), Ala. Code 1975, and this element must be proven to support a conviction of the capital offense, `intentional murder is by definition and statute a lesser-included offense of § 13A-5-40(a)(10).' Holladay v. State, 549 So.2d 122
(Ala.Cr.App. 1988), aff'd, 549 So.2d 135 (Ala.), cert. denied, 493 U.S. 1012, 110 S.Ct. 575, 107 L.Ed.2d 569 (1989). See Ala. Code 1975, § 13A-1-9(a)(1) ('[a]n offense is an included one if . . . "[i]t is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged"'). Thus, the principles of double jeopardy were violated when the appellant was convicted of the lesser included offense of intentional murder under Count II, which alleged the capital offense of murder *Page 1288 
committed by or through the use of a deadly weapon fired from outside a dwelling while the victim was inside a dwelling, and he was also convicted of the capital offense of double murder under Count I. See Coral v. State, 628 So.2d 954, 958 (Ala.Cr.App. 1992) (double jeopardy was violated by defendant's conviction of the lesser included offense of intentional murder under an indictment count alleging the capital offense of murder-robbery and also under an indictment count alleging the capital offense of murder-burglary, where same murder was an element of the capital offense and the intentional murder conviction)."
Borden, 711 So.2d at 503.
The circuit court held, as the State had argued during the hearing, that Borden did not apply to Deas's case because the decision "was handed down one day after the jury returned its verdict in [Deas's] case." (C. 3-4.) Evidently, the circuit court was mistaken as to the date of Deas's conviction, because the records in this case reveal that Deas was convicted on September 19, 1997, nearly three months after the opinion inBorden was released on June 20, 1997.
Moreover, the date of Deas's conviction was irrelevant, because this type of double jeopardy violation "implicates the trial court's jurisdiction to render a judgment," and issues that affect the subject matter jurisdiction of the trial court may be raised at any time.Borden, 711 So.2d at 503 (citing Rolling v. State, 673 So.2d 812, 816
(Ala.Crim.App. 1995)). See also Frazier v. State, 758 So.2d 577
(Ala.Crim.App.), aff'd, 758 So.2d 611 (Ala. 1999), cert. denied,531 U.S. 843 (2000); and Mangione v. State, 740 So.2d 444 (Ala.Crim.App. 1998).
Because Deas's claim appears to have merit, we remand this cause for the circuit court to address Deas's claim that he was convicted and sentenced in violation of constitutional guarantees against double jeopardy. Therefore, we pretermit any discussion of the other issues raised in Deas's petition or on appeal, with the exception of noting that the circuit court did not erroneously deny Deas's request for counsel because, as the State points out, "indigent defendants are not entitled to appointed counsel in post-conviction proceedings. The appointment of counsel in such proceedings is discretionary with the trial court. Exparte Cox, 451 So.2d 235 (Ala. 1983)." Pryor v. State, 599 So.2d 83, 85
(Ala.Crim.App. 1992). See also Mayes v. State, 563 So.2d 38
(Ala.Crim.App. 1990), and Rule 32.7(c), Ala.R.Crim.P.
Therefore, we remand this cause to the circuit court for proceedings consistent with this decision. If necessary, the circuit court may take evidence as it sees fit according to Rule 32.9(a), Ala.R.Crim.P. If it finds that Borden does indeed apply to Deas's situation, the circuit court shall vacate Deas's conviction and sentence for intentional murder as a lesser-included offense of one of the capital murder charges against Deas. Due return with specific findings of fact shall be made within 42 days of the release of this decision.
REMANDED WITH DIRECTIONS.*
McMillan, P.J., and Shaw and Wise, JJ., concur. Baschab, J., recuses herself.
[1] In the unpublished memorandum, this Court misstated Deas's convictions as
 "two counts of capital murder, in violation of § 13A-5-40-(a)(10), Ala. Code 1975, wherein two or more persons are murdered by one act or pursuant to one scheme or course of conduct, two counts of murder during the course of a robbery in the first degree, in violation of § 13A-5-40(a)(2), and theft of property in the first degree, in violation of § 13A-8-3(b), Ala. Code 1975."
We take this opportunity to correct that error.
[2] While we recognize that Deas takes issue with the trial court's factual finding regarding the exact date of his conviction, the basic question here is whether Borden applies to Deas's case. Because we are to determine whether the circuit court correctly applied the law to Deas's case, we review the dismissal of his petition de novo.
* Note from the reporter of decisions: On September 20, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion. *Page 1289