In case no. CC-00-078, Marlin Powell was charged in a two-count indictment with attempted murder, a violation of §§ 13A-6-2 and 13A-4-2, Ala. Code 1975, and with assault in the first degree, a violation of § 13A-6-20(a)(1), Ala. Code 1975. In case no. CC-00-079, he was charged with discharging a firearm into an occupied automobile, a violation of § 13A-11-61(a), Ala. Code 1975. A jury found Powell guilty of all three charges. *Page 1207 
On appeal, Powell's appointed counsel filed a "no-merit" brief in substantial compliance with Anders v. California, 386 U.S. 738 (1967), in which counsel states that she has reviewed the record and can find no meritorious issues upon which to base an appeal. Powell was afforded an opportunity to present pro se issues to his counsel and to this Court, and he presents four issues. Three of those need not be discussed because they were not preserved for review.
Powell's fourth issue was also not preserved for review but warrants discussion because it implicates the jurisdiction of the trial court. Powell contends that his convictions for attempted murder and for assault in the first degree violated his right to be free from double jeopardy because, he says, they arose from the same act. This double-jeopardy claim implicates the jurisdiction of the trial court and, therefore, is not subject to waiver. See Rolling v. State, 673 So.2d 812
(Ala.Crim.App. 1995). See also Deas v. State, 844 So.2d 1286
(Ala.Crim.App. 2002); Hale v. State, 831 So.2d 639 (Ala.Crim.App. 2001);Peterson v. State, 842 So.2d 734 (Ala.Crim.App. 2001) (opinion on return to remand); Grayson v. State, 824 So.2d 804 (Ala.Crim.App. 1999), aff'd,824 So.2d 844 (Ala. 2001); Simmons v. State, 797 So.2d 1134
(Ala.Crim.App. 1999); Loggins v. State, 771 So.2d 1070 (Ala.Crim.App. 1999), aff'd, 771 So.2d 1093 (Ala. 2000); Lorance v. State, 770 So.2d 644
(Ala.Crim.App. 1999); Borden v. State, 711 So.2d 498 (Ala.Crim.App. 1997), aff'd, 711 So.2d 506 (Ala. 1998); Dozier v. State, 706 So.2d 1287
(Ala.Crim.App. 1997); and Salter v. State, 606 So.2d 209 (Ala.Crim.App. 1992). Therefore, although this issue was not preserved for review, this Court must nevertheless address Powell's claim.
The record supports Powell's assertion; it reflects that all three charges stemmed from a single act. The evidence at trial indicated that on May 23, 2000, Powell shot Omar Harris in the head with a pistol while Harris was sitting in his vehicle. Although Harris survived the shooting, he suffered serious physical injuries.[1] As a result of this single incident, Powell was indicted for attempted murder, assault in the first degree, and discharging a firearm into an occupied automobile. The indictment charging Powell with attempted murder and assault read:
 "The Grand Jury of said county charge that before the finding of this indictment Marlin Powell, whose name is otherwise unknown to the Grand Jury, did with intent to commit the crime of murder, attempt to commit said crime by, to-wit: shooting another person, to-wit: Omar Harris, with a deadly weapon, to-wit: a pistol, a better description of which is otherwise unknown to the Grand Jury, in violation of 13A-4-2 of the Code of Alabama, against the peace and dignity of the State of Alabama.
"Count II: Assault I
 "The Grand Jury of said county charge that before the finding of this indictment Marlin Powell, whose name is otherwise unknown to the Grand Jury, did with intent to cause serious physical injury to another person, cause serious physical injury to another person, to-wit: Omar Harris, by means of a deadly weapon, to-wit: a gun, a better description of which is otherwise unknown to the Grand Jury, in violation of 13A-6-20(a)(1) of the Code of Alabama, against the peace and dignity of the State of Alabama."
(C. 1.)
Under the facts in this case, assault in the first degree was a lesser-included *Page 1208 
offense of attempted murder. Powell could not constitutionally be convicted of both attempted murder and assault for the same conduct. See § 13A-1-8(b)(1), Ala. Code 1975 ("When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if . . . [o]ne offense is included in the other.").
The transcript of the sentencing hearing, the trial court's written sentencing order, and the case action summary for case no. CC-00-078 all indicate that Powell was sentenced to life imprisonment without the possibility of parole for the attempted-murder conviction and that he was not sentenced for the assault conviction. However, as this Court stated in Lorance, 770 So.2d at 650, "[a]lthough Lorance was ordered to serve only one sentence, the presence of two felony convictions . . . could affect any later sentencing upon application of the Habitual Felony Offender Act should he commit a future offense." See also Rolling,673 So.2d at 816. Therefore, we must remand this case for the trial court to vacate Powell's conviction for assault in the first degree.
Although Powell did not make this argument, we note that, unlike his convictions for attempted murder and assault, Powell's convictions for attempted murder and for discharging a firearm into an occupied automobile do not violate the principles of double jeopardy. Although this Court has never addressed this issue directly, we have previously affirmed convictions for attempted murder and for discharging a firearm into an occupied automobile that arose from the same conduct. See, e.g.,Woodson v. State, 794 So.2d 1226 (Ala.Crim.App. 2000), and Simmons v.State, 675 So.2d 79 (Ala.Crim.App. 1995). Attempted murder under §§ 13A-6-2 and 13A-4-2, Ala. Code 1975, and discharging a firearm into an occupied automobile under § 13A-11-61, Ala. Code 1975, each require an element the other does not and, therefore, do not constitute the "same offense" under Blockburger v. United States, 284 U.S. 299 (1932).
With respect to the conviction for discharging a firearm into an occupied automobile, however, we note that the record does not indicate what sentence Powell received. The case action summary indicates that Powell was found guilty on that charge and that he was sentenced on June 26, 2001 — the date of the sentencing hearing — but it does not indicate what sentence he received; it states only that the sentence for that conviction is to run concurrently with the sentence imposed in case no. CC-00-078. The trial court's written sentencing order also indicates that Powell was found guilty of discharging a firearm into an occupied automobile; however, the sentence Powell received for that conviction is unreadable on the copy of the order in the record before this Court. Therefore, because we must remand this case for the trial court to vacate Powell's conviction for assault in the first degree, we also instruct the trial court on remand to correct the record to reflect what sentence Powell received for his conviction for discharging a firearm into an occupied automobile.
Based on the foregoing, Powell's convictions for attempted murder and for discharging a firearm into an occupied automobile and his sentence for the attempted-murder conviction are affirmed. Because the trial court lacked jurisdiction to adjudge Powell guilty of assault in the first degree, we remand this case to the trial court for it to vacate that conviction, and for it to correct the record to reflect what sentence was imposed for Powell's conviction *Page 1209 
for discharging a firearm into an occupied automobile. Due return shall be filed with this Court no later than 35 days from the date of this opinion.
AFFIRMED IN PART; AND REMANDED WITH DIRECTIONS.*
McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.
[1] The parties stipulated at trial that Harris's injuries were "serious physical injur[ies]" as that term is defined in § 13A-1-2(12), Ala. Code 1975.
* Note from the reporter of decisions: On January 7, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On February 21, 2003, that court denied rehearing, without opinion.