932 So.2d 92 (2005)
Ex parte Richard Jay BENEFIELD.
(In re Richard Jay Benefield
v.
State of Alabama).
1041354.
Supreme Court of Alabama.
September 30, 2005.
Richard Jay Benefield, pro se.
Troy King, atty. gen., and Jean A. Therkelsen, asst. atty. gen., for respondent.
WOODALL, Justice.
The Houston Circuit Court summarily dismissed Richard Jay Benefield's petition for postjudgment relief filed pursuant to Rule 32, Ala. R.Crim. P. The Court of Criminal Appeals affirmed the dismissal by an unpublished memorandum, Benefield v. State (No. CR-04-1017, May 20, 2005), 926 So.2d 1090 (Ala.Crim.App.2005) (table), and Benefield petitioned this Court for a writ of certiorari. We granted that petition to review a single issue concerning double jeopardy. We reverse the judgment of the Court of Criminal Appeals and remand the case.
In 2000, Benefield pleaded guilty to first-degree sexual abuse, first-degree rape, and first-degree sodomy. He was sentenced for each offense, and he did not appeal. In January 2005, Benefield filed a Rule 32 petition challenging his guilty-plea convictions.
In his Rule 32 petition, Benefield claimed, in pertinent part, that his convictions for first-degree rape and first-degree sexual abuse arose "from a single transaction involving the same victim," and that, therefore, the convictions violated his double-jeopardy rights. Thus, he argued, "the [trial] court lacked jurisdiction to adjudicate and sentence [him] as guilty of both charges." (Emphasis added.) Finally, Benefield alleged that his claim raised "a true jurisdictional issue, [which] is not subject to the preclusions [of Rule 32.2(a)] or the limitations period [of Rule 32.2(c)]." (Emphasis added.)
On February 3, 2005, in response to Benefield's Rule 32 petition, the State filed a motion for summary disposition. In that motion, the State admitted "that a defendant cannot be convicted of both [first-degree rape and first-degree sexual abuse] arising out of `the same act.'" Without addressing the allegedly jurisdictional nature *93 of Benefield's claim, the State simply argued that his claim was without merit, because, it argued, "evidence exists of different acts for each charge"; thus, the State argued, both convictions did not arise out of the same act. On February 4, 2005, the trial court granted the State's motion and summarily dismissed Benefield's Rule 32 petition. Benefield then appealed to the Court of Criminal Appeals.
In its unpublished memorandum, the Court of Criminal Appeals acknowledged Benefield's argument "that he is entitled to postconviction relief because ... the trial court did not have jurisdiction to render judgments and impose sentences in his cases because his convictions for first-degree sexual abuse and first-degree rape violate double-jeopardy principles." However, the Court of Criminal Appeals, citing no authority, held that Benefield's claim is a nonjurisdictional claim that is precluded because he could have raised it at trial and on appeal, but did not, Rule 32.2(a)(3) and (4), and because it is time-barred, Rule 32.2(c). Therefore, the Court of Criminal Appeals affirmed the trial court's summary dismissal of Benefield's Rule 32 petition.
We granted certiorari review to consider Benefield's claim that the Court of Criminal Appeals' holding that his double-jeopardy claim is nonjurisdictional conflicts with its decision in Rolling v. State, 673 So.2d 812 (Ala.Crim.App.1995), and with this Court's decision in Ex parte Robey, 920 So.2d 1069 (Ala.2004). In Rolling, the defendant appealed "from the circuit court's denial of his Rule 32, Ala. R.Crim. P., petition in which he contest[ed] his ... convictions for felony murder and reckless manslaughter." 673 So.2d at 813. In his petition, Rolling asserted, in pertinent part, "that because his two convictions [were] based on the same act  the killing of Jim Godfrey  they violate his right against double jeopardy." 673 So.2d at 813. The Court of Criminal Appeals held that "this double jeopardy claim goes to the jurisdiction of the trial court to render judgment," and that, therefore, "Rolling's double jeopardy/jurisdictional issue [was] not precluded by operation of the limitations period." 673 So.2d at 816.
The facts in Rolling are indistinguishable from those in Benefield's case. In Rolling, the defendant alleged that his two convictions were based on the same act. In his verified petition, Benefield alleged that his convictions for first-degree rape and first-degree sexual abuse arose "from a single transaction involving the same victim." In Rolling, "[r]eckless manslaughter [was] a lesser included offense of felony murder." 673 So.2d at 814. Here, the State admitted "that a defendant cannot be convicted of both [first-degree rape and first-degree sexual abuse] arising out of `the same act,'" because first-degree sexual abuse is a lesser-included offense of first-degree rape. See King v. State, 574 So.2d 921, 929 (Ala.Crim.App.1990). Thus, the Court of Criminal Appeals' decision in Benefield's case conflicts with its prior decision in Rolling.
In Robey, the defendant was convicted of two counts of assault in the first degree based on injuries suffered by Jessie McNabb as the result of a motor-vehicle accident involving Robey's vehicle. This Court held that "punishing Robey twice for the same offense  first-degree assault  violated his double-jeopardy rights." 920 So.2d at 1073. Further, this Court stated:
"The violation of Robey's double-jeopardy rights raises questions of the trial court's jurisdiction to enter a judgment on both assault counts. See Ex parte McKelvey, 630 So.2d 56, 57 (Ala.1992)(`If the trial court imposed the sentence on [the defendant] without jurisdiction to impose the consecutive sentences for *94 burglary and theft, then [the defendant's] ground for appeal was not procedurally barred by his failure to object at his sentencing hearing.'). Therefore, Robey is not barred from asserting in this successive Rule 32 petition the violation of his double-jeopardy rights."
920 So.2d at 1071-72. The Court of Criminal Appeals' conclusion that Benefield's double-jeopardy claim was nonjurisdictional conflicts with this Court's decision in Robey.
In its brief, the State does not address the apparent conflicts between the Court of Criminal Appeals' decision and the decisions in Rolling and Robey. Instead, the State argues that "[b]ecause Benefield's double-jeopardy claim is without merit, it is a nonjurisdictional claim." State's brief, at 19. However, at this time, this Court is considering the jurisdictional nature of Benefield's claim, not its merits. Also, while the State argues that the Court of Criminal Appeals "rul[ed] that Benefield had not carried his burden of proof that the sexual abuse conviction was a lesser-included offense of the rape charge," State's brief, at 19, the Court of Criminal Appeals did not do so, and no factual issue is before this Court on certiorari review.
For the foregoing reasons, the judgment of the Court of Criminal Appeals is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.[*]
NABERS, C.J., and LYONS, HARWOOD, SMITH, and PARKER, JJ., concur.
SEE, STUART, and BOLIN, JJ., concur specially.
STUART, Justice (concurring specially).
Based on the record before us, I agree with the majority that Benefield presented a jurisdictional claim that warrants further review. Here, Benefield pleaded a claim that appears to involve simultaneous convictions for both the charged offense and a lesser-included offense. Therefore, the jurisdiction of the trial court is at issue; the claim is not subject to the limitations period of Rule 32.2(c), Ala. R.Crim. P.; and the merits of the claim must be addressed.
Here, it appears that the State in its response to Benefield's petition implicitly recognized the jurisdictional nature of Benefield's claim and argued that the claim was without merit because "evidence exists of different acts for each charge." Unfortunately, the circuit court did not make findings of fact with regard to the factual basis for each conviction. Consequently, appellate review of this claim is limited, and I cannot determine whether Benefield's jurisdictional claim warrants the relief requested. Thus, remand for further review  development of the factual basis for the convictions  is required to address the merits of the claim.
Additionally, I note that today's holding should not be interpreted as establishing that all double-jeopardy claims are jurisdictional. For example, if a double-jeopardy claim is viable before trial, then the defendant must object by pretrial motion, or the double-jeopardy claim is foreclosed. Rolling v. State, 673 So.2d 812, 815 (Ala. Crim.App.1995). Judge Shaw recognized the consistent application of this distinction between jurisdictional and nonjurisdictional double-jeopardy claims in Straughn *95 v. State, 876 So.2d 492, 508-09 (Ala.Crim. App.2003), stating:
"Since the decision in Rolling[ v. State, 673 So.2d 812 (Ala.Crim.App. 1995)], this Court has continued to hold that certain double-jeopardy claims implicate the jurisdiction of the trial court and, therefore, are not subject to waiver. See, e.g., Powell v. State, 854 So.2d 1206 (Ala.Crim.App.2002); Deas v. State, 844 So.2d 1286 (Ala.Crim.App.2002); Hale v. State, 831 So.2d 639 (Ala.Crim.App. 2001); Peterson v. State, 842 So.2d 734, 735 (Ala.Crim.App.2001) (opinion on return to remand); Grayson v. State, 824 So.2d 804 (Ala.Crim.App.1999), aff'd, 824 So.2d 844 (Ala.2001); Simmons v. State, 797 So.2d 1134 (Ala.Crim.App.1999); Loggins v. State, 771 So.2d 1070 (Ala. Crim.App.1999), aff'd, 771 So.2d 1093 (Ala.2000); Lorance v. State, 770 So.2d 644 (Ala.Crim.App.1999); Borden v. State, 711 So.2d 498 (Ala.Crim.App. 1997), aff'd, 711 So.2d 506 (Ala.1998); and Dozier v. State, 706 So.2d 1287 (Ala. Crim.App.1997). Like Rolling, most of those decisions involved simultaneous convictions for both a greater and a lesser-included offense.

"However, caselaw from both this Court and the Alabama Supreme Court recognize that generally other double-jeopardy claims are singularly constitutional in nature and are, therefore, subject to waiver. See, e.g., Ex parte Ziglar, 669 So.2d 133 (Ala.1995); Baker v. State, 819 So.2d 87 (Ala.Crim.App.2001); McNish v. State, [878 So.2d 1189 (Ala. Crim.App.2000), rev'd on other grounds, 878 So.2d 1199 (Ala.2003)]; Stanley v. State, 723 So.2d 821 (Ala.Crim.App. 1998); Boyd v. State, 746 So.2d 364 (Ala. Crim.App.1999); Burton v. State, 728 So.2d 1142 (Ala.Crim.App.1997); State v. Richardson, 703 So.2d 421 (Ala.Crim. App.1997); J.N.J. v. State, 690 So.2d 519 (Ala.Crim.App.1996); McGaster v. State, 689 So.2d 1001 (Ala.Crim.App.1996); Owens v. State, 666 So.2d 32 (Ala.Crim. App.1994); Sturdivant v. State, 643 So.2d 1013 (Ala.Crim.App.1993); Powell v. State, 616 So.2d 370 (Ala.Crim.App. 1992); Kuk v. State, 602 So.2d 1213 (Ala. Crim.App.1992); Kolmetz v. State, 600 So.2d 389 (Ala.Crim.App.1991); Connolly v. State, 602 So.2d 443 (Ala.Crim.App. 1990), rev'd on other grounds, 602 So.2d 452 (Ala.1992); Bolden v. State, 568 So.2d 841 (Ala.Crim.App.1989)."
(Emphasis added.)
SEE and BOLIN, JJ., concur.
NOTES
[*] Note from the reporter of decisions: On November 18, 2005, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion (CR-04-1017). On December 9, 2005, that court denied rehearing, without opinion. On January 13, 2006, the Supreme Court denied a second certiorari petition, without opinion (1050375).