Based on the record before us, I agree with the majority that Benefield presented a jurisdictional claim that warrants further review. Here, Benefield pleaded a claim that appears to involve simultaneous convictions for both the charged offense and a lesser-included offense. Therefore, the jurisdiction of the trial court is at issue; the claim is not subject to the limitations period of Rule 32.2(c), Ala. R.Crim. P.; and the merits of the claim must be addressed.
Here, it appears that the State in its response to Benefield's petition implicitly recognized the jurisdictional nature of Benefield's claim and argued that the claim was without merit because "evidence exists of different acts for each charge." Unfortunately, the circuit court did not make findings of fact with regard to the factual basis for each conviction. Consequently, appellate review of this claim is limited, and I cannot determine whether Benefield's jurisdictional claim warrants the relief requested. Thus, remand for further review — development of the factual basis for the convictions — is required to address the merits of the claim.
Additionally, I note that today's holding should not be interpreted as establishing that all double-jeopardy claims are jurisdictional. For example, if a double-jeopardy claim is viable before trial, then the defendant must object by pretrial motion, or the double-jeopardy claim is foreclosed. Rolling v. State,673 So.2d 812, 815 (Ala.Crim.App. 1995). Judge Shaw recognized the consistent application of this distinction between jurisdictional and nonjurisdictional double-jeopardy claims inStraughn *Page 95 v. State, 876 So.2d 492, 508-09 (Ala.Crim.App. 2003), stating:
 "Since the decision in Rolling[v. State, 673 So.2d 812 (Ala.Crim.App. 1995)], this Court has continued to hold that certain double-jeopardy claims implicate the jurisdiction of the trial court and, therefore, are not subject to waiver. See, e.g., Powell v. State, 854 So.2d 1206 (Ala.Crim.App. 2002); Deas v. State, 844 So.2d 1286 (Ala.Crim.App. 2002); Hale v. State, 831 So.2d 639 (Ala.Crim.App. 2001); Peterson v. State, 842 So.2d 734, 735 (Ala.Crim.App. 2001) (opinion on return to remand); Grayson v. State, 824 So.2d 804 (Ala.Crim.App. 1999), aff'd, 824 So.2d 844 (Ala. 2001); Simmons v. State, 797 So.2d 1134
(Ala.Crim.App. 1999); Loggins v. State, 771 So.2d 1070 (Ala.Crim.App. 1999), aff'd, 771 So.2d 1093
(Ala. 2000); Lorance v. State, 770 So.2d 644
(Ala.Crim.App. 1999); Borden v. State, 711 So.2d 498 (Ala.Crim.App. 1997), aff'd, 711 So.2d 506 (Ala. 1998); and Dozier v. State, 706 So.2d 1287
(Ala.Crim.App. 1997). Like Rolling, most of those decisions involved simultaneous convictions for both a greater and a lesser-included offense.
 "However, caselaw from both this Court and the Alabama Supreme Court recognize that generally other double-jeopardy claims are singularly constitutional in nature and are, therefore, subject to waiver. See, e.g., Ex parte Ziglar, 669 So.2d 133 (Ala. 1995); Baker v. State, 819 So.2d 87 (Ala.Crim.App. 2001); McNish v. State, [878 So.2d 1189 (Ala.Crim.App. 2000), rev'd on other grounds, 878 So.2d 1199 (Ala. 2003)]; Stanley v. State, 723 So.2d 821
(Ala.Crim.App. 1998); Boyd v. State, 746 So.2d 364
(Ala.Crim.App. 1999); Burton v. State, 728 So.2d 1142 (Ala.Crim.App. 1997); State v. Richardson, 703 So.2d 421 (Ala.Crim.App. 1997); J.N.J. v. State, 690 So.2d 519 (Ala.Crim.App. 1996); McGaster v. State, 689 So.2d 1001 (Ala.Crim.App. 1996); Owens v. State, 666 So.2d 32 (Ala.Crim.App. 1994); Sturdivant v. State, 643 So.2d 1013 (Ala.Crim.App. 1993); Powell v. State, 616 So.2d 370
(Ala.Crim.App. 1992); Kuk v. State, 602 So.2d 1213
(Ala.Crim.App. 1992); Kolmetz v. State, 600 So.2d 389 (Ala.Crim.App. 1991); Connolly v. State, 602 So.2d 443 (Ala.Crim.App. 1990), rev'd on other grounds, 602 So.2d 452 (Ala. 1992); Bolden v. State, 568 So.2d 841 (Ala.Crim.App. 1989)."
(Emphasis added.)
SEE and BOLIN, JJ., concur.