BOWEN, Judge.
The defendant was charged by solicitor’s complaint with sexual misconduct. Sentence was one year in the county jail.
The issue presented by this appeal is whether a defendant can be convicted of sexual misconduct under an indictment charging that the sexual intercourse was without consent where the evidence shows that the intercourse was with consent obtained by artifice.
The State’s evidence shows that late in the evening of June 7, 1981, twenty-four year old Vergilyn Williams and her boyfriend, Lee Abston, went to several nightclubs in Mobile. Around 4:00 o’clock the next morning they went to Oaklawn Cemetery where they had sexual intercourse in the back seat of Ms. Williams’ car. Abston then passed out.
Soon thereafter, a police car drove up and stopped a short distance behind Ms. Williams’ car. The defendant, a Mobile policeman, got out and began a conversation with Ms. Williams. During a portion of this conversation, Ms. Williams was standing outside of her car despite the fact that she was only wearing her “bra and blouse” and shoes.
The defendant stated that she would either have to go to jail or “give him a piece of leg.” He repeated this “threat” some 10-2Ó times during the thirty minute conversation after which the defendant and Ms. Williams engaged in sexual intercourse on the trunk of Ms. Williams’ car. The defendant then woke up Abston and told him that they would have to leave the cemetery. Abston and Ms. Williams drove to another location where they “had sex” approximately thirty minutes after Ms. Williams and the defendant had engaged in sex.
Following the statutory language of Alabama Code 1975, Section 13A-6-65, the complaint charged that the defendant committed the crime of sexual misconduct by engaging in sexual intercourse with Ms. Williams “without her consent.” The evidence proved that the defendant engaged in sexual intercourse with Ms. Williams with her consent where consent was obtained by the use of artifice.
Sexual misconduct is defined in Section 13A-6-65:
“(a) A person commits the crime of sexual misconduct if:
“(1) Being a male, he engages in sexual intercourse with a female without her consent, under circumstances other than those covered by sections 13A-6-61 (Rape in the first degree) and 13A-6-62 (Rape in the second degree); or with her consent where consent was obtained by the use of any fraud or artifice.”
Lack of consent is specifically defined by statute. Section 13A-6-70. Under the facts of this case the State wholly failed to prove that the sexual act was committed without Ms. Williams’ consent because there was no evidence of “forcible compulsion” as defined by Section 13A-6-60(8). There was neither physical force that overcame earnest resistance nor express or implied threat that placed Ms. Williams in fear of immediate death or serious physical injury to herself or another.
“Artifice” is defined in Black’s Law Dictionary 103 (5th ed. 1979) as “(a)n ingenious contrivance or device of some kind, and, when used in a bad sense, it corresponds with trick or fraud. It implies craftiness and deceit, and imports some element of moral obliquity.” See also 6A C.J.S. Artifice 295 (1975): “The art of making; an ingenious contrivance or device of some kind; subtle or deceptive art in contriving, trickery, cunning, strategy or finesse; a trick or fraud. The word ‘scheme’ has been compared with ‘artifice’.”
The defendant’s actions fall within the conduct proscribed by Section 13A-6-65 defining the crime of sexual misconduct where the consent to sexual intercourse is obtained by the use of any fraud or artifice. This section is broad enough to include “situations where the naivete of the victim or guile of the actor is sufficient to allow the actor to gain sexual access to the *1272 person of another through some artifice or fraud.” Commentary to Section 13A-6-65.
We find no fatal variance between the indictment charging sexual intercourse without consent and the proof of sexual intercourse with consent. The principle in this case is the same as in the crime of rape.
“While, as a general rule, the allegations of an indictment charging a particular offense cannot be sustained by proof of another and distinct offense, where the statute defining rape as an act of intercourse under different specified circumstances is considered as creating but one offense, ... rape may be proved by evidence bringing the case within any one of the subdivisions of the statute regardless of the one which the indictment or information alleges was violated; the crime is established by proof of the circumstances under any one of the subdivisions although the indictment or information is framed on another.”
75 C.J.S. Rape § 45b (1952).
“(A) fatal variance will not result where the allegations and proof, although variant, are of the same legal signification.” 42 C.J.S. Indictments And Informations § 262 (1944). Thus, under an indictment against a sheriff for a negligent escape, a conviction may be had on proof of a voluntary escape. Nall v. State, 34 Ala. 262, 265 (1859).
In Marsh v. State, 418 So.2d 191 (Ala.Cr. App.1982), cert. denied, 81-872 (Ala., August 27, 1982), this Court held that there was no fatal variance and the trial judge properly instructed the jury on intentional murder although the indictment only charged reckless murder.
“We find no variance between the indictment and the oral charge. The indictment charged that appellant intentionally killed Herbert Belt in violation of Section 13A-6-2, and the oral charge correctly included the alternative provision of Section 13A-6-2. The trial court was obligated to charge on the entire statute should the proof so warrant, as in the case at bar.
“The policy behind the variance rule is that the accused should have sufficient notice to enable him to defend himself at trial on the crime for which he has been indicted. Proof of a different crime or the same crime under a different set of facts deprives him of that notice to which he is constitutionally entitled. House v. State, 380 So.2d 940 (Ala.1979). Appellant here was charged with intentionally causing the death of another person in violation of Section 13A-6-2, Code 1975. Certainly, this clearly gives the appellant sufficient notice of the charge to enable him to defend himself at trial.”
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.