Tom Boaz Sturdivant filed a Rule 32, A.R.Crim.P., petition attacking his conviction for kidnapping in the second degree. In his petition, the appellant alleged 1) that the grand jury that indicted him was not fair and impartial; 2) that an illegal conviction had been used to enhance his sentence; 3) that his counsel was ineffective; 4) that his conviction violated the Double Jeopardy Clause; 5) that he was not given access to his presentence report a reasonable time before sentencing; 6) that the prosecutor was vindictive and selective in the appellant's prosecution; 7) that the trial judge erred by giving an instruction on intent; and 8) that the trial court erred by failing to give several requested instructions. All of the allegations except the ineffective assistance of counsel could have been raised at trial or on appeal. Therefore, we can consider only the ineffective assistance allegation. Rule 32.2(a)(3), A.R.Crim.P., Rule 32.2(a)(5).
The appellant contends that his trial counsel was ineffective in failing to take depositions. The appellant has failed to name the person or persons that he wanted deposed and he failed to disclose any additional and helpful information that would have been gained from depositions as opposed to the other methods of discovery employed by trial counsel. The appellant also contends that his trial counsel was ineffective in failing to suppress the testimony of a certain witness. However, the appellant fails to state why this witness's testimony should have been suppressed or to state any grounds counsel could have argued in attempting to suppress the statement. The appellant also alleges that his trial counsel was ineffective because, he says, he did not object to the court's refusal to give his written requested charges. The appellant merely states the number of the charges that the court refused to give, but he does not state the subject matter of the charges or the reasons why the charges should have been given. Therefore, the appellant has failed to provide the court with evidence necessary to resolve these issues. The appellant further alleges that his trial counsel was ineffective because, he says, he did not attack the illegality of the conviction that was used to enhance his sentence. The proper procedure for challenging the validity of prior felony convictions used for enhancing a sentence under the Habitual Felony Offender Act is to file a Rule 32, A.R.Crim.P., petition in the court of conviction for the conviction being challenged. Johnson v.State, 541 So.2d 1112 (Ala.Crim.App. 1989). Thus, this allegation of ineffectiveness assistance of trial counsel is without merit.
The appellant further alleges that his appellate counsel was ineffective because, he says, he failed to cite legal authority in his brief on appeal. This court affirmed the appellant's conviction without opinion; Judge Bowen dissented. In his dissent, Judge Bowen wrote:
 "I dissent from that portion of the order of the majority stating, 'Appellant's argument that the trial court erred by telling the jury that a higher court would have the opportunity to cure any errors at trial is waived as the appellant failed to cite any legal authority for his argument. Johnson *Page 1015 v. State, 500 So.2d 494, 498 (Ala.Cr.App. 1986).'
 "This is but another application of the principle set out in Johnson v. State, 500 So.2d 494, 498 (Ala.Cr.App. 1986), which relies on the case of Vinzant v. State, 462 So.2d 1037
(Ala.Cr.App. 1984), which adopted the rule applied in civil cases that arguments not based on legal authority have the same effect as if no argument had been made, and the argument will be deemed waived. In my opinion, this Court compounds the error by relying upon that principle."
Sturdivant v. State, 568 So.2d 415, 415 (Ala.Crim.App. 1990). In Arnold v. State, 601 So.2d 145, 155 (Ala.Crim.App. 1992), this court stated,
 "If issues for which no authority is cited are deemed to be waived, then filing a brief that fails to cite authority is the functional equivalent of failing to file a brief at all, which 'constitutes a per se denial of the effective assistance of counsel.' Id. Where an issue has merit, waiver on this ground obviously raises 'the question of ineffective assistance of counsel.' Id."
Although Vinzant and Johnson have not been expressly overruled, it appears that this court has not relied on these cases for authority since Demunn v. State, 627 So.2d 1005
(Ala.Crim.App. 1991), aff'd, Ex parte Demunn, 627 So.2d 1010
(Ala. 1992), and these cases were explicitly ignored by this court in Arnold. However, it appears that Judge Bowen was able to predict the posture of this case when he stated, "Indeed, application of Vinzant in any situation only encourages and provides fertile ground for a subsequent or successive petition for post-conviction relief." Sturdivant, 568 So.2d at 416.
Thus, the allegation that the appellant's counsel was ineffective for failing to cite legal authority in his appellate brief is meritorious on its face, and the appellant is entitled to a hearing on this matter. This cause is therefore remanded to the trial court for an evidentiary hearing. The trial court shall appoint counsel to represent the appellant at the hearing. A return to remand shall be filed with this court within 60 days of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* Note from the Reporter of Decisions: On September 30, 1993, the Court of Criminal Appeals dismissed this appeal by an unpublished memorandum.