Oliver Tyrone Rolling appeals from the circuit court's denial of his Rule 32, Ala.R.Crim.P., petition in which he contests his 1986 convictions for felony murder and reckless manslaughter. Rolling had been brought to trial on a two-count indictment: Count I charged the felony murder of Jim Godfrey, § 13A-6-2(a)(3), Code of Alabama 1975, and Count II charged the intentional murder of Jim Godfrey, § 13A-6-2(a)(1). The jury was charged under Count II on the lesser included offense of reckless manslaughter. On the felony murder conviction, Rolling was sentenced to life imprisonment, and on the manslaughter conviction, he was sentenced to 10 years' imprisonment. The trial court further ordered that the two sentences were to run concurrently.
In his petition, filed on August 8, 1994, Rolling asserted that after March 12, 1994, he received allegedly newly discovered evidence upon which he bases the following claims: (1) that because his two convictions are based on the same act — the killing of Jim Godfrey — they violate his right against double jeopardy; (2) that the prosecutor was guilty of misconduct in allowing Rolling's double jeopardy and due process rights to be violated and also in his withholding the complete record; (3) that his trial counsel was ineffective for allowing Rolling's right against double jeopardy to be violated by his being convicted twice for one murder; and (4) that double convictions for the same act are in effect double punishment when those convictions are subsequently used for enhancement under the Habitual Felony Offender Act.
In response to these allegations, the state asserted that Rolling's petition is precluded by the limitations period of Rule 32.2(c), that there has been no newly discovered evidence to warrant relief, and that the claims are successive, repetitious, and without legal foundation.
In dismissing Rolling's petition, the circuit court found that all issues either were raised or could have been raised in Rolling's prior petition for writ of error coram nobis or in his appeal. It further found that the petition is repetitive and barred under the Alabama Rules of Criminal Procedure.
We first note that in his petition, Rolling failed to specify what evidence that allegedly supports his petition was newly discovered. However, in his brief, it is apparent that this alleged evidence is the indictment. In his brief, Rolling claims that the indictment is not included in the trial transcript, that it was not read to the jury, and that, in fact, it is not included in any record of any proceeding having to do with his two convictions. However, a review of the record submitted to this court on the direct appeal of Rolling's convictions reveals that the jury was instructed on the charges in the indictment, and that record contains the indictment. Rolling's assertions fail to meet the criteria of Rule 32.1(e); the indictment does not constitute newly discovered evidence.
Nevertheless, on the facts alleged, all of the petition's allegations raise the question of the legality of the two convictions that arose out of one homicide. Rolling was indicted for murder, under alternative subsections of the murder statute, and he was convicted of one of those two alternatives as well as of the lesser included offense of the second alternative method of proving the same offense.
In Meyer v. State, 575 So.2d 1212 (Ala.Cr.App. 1990), the jury returned three verdicts on three counts of the indictment charging the capital murder of one victim, finding the defendant guilty of the lesser included offense of murder. The trial court imposed only one sentence, but let the three verdicts stand. In reviewing this action, this court stated:
 "The guarantee against twice being placed in jeopardy for the same offense protects (1) against a second prosecution for the same offense after acquittal, (2) against a second prosecution for the same *Page 814 
offense after conviction, and (3) against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The appellant's convictions and sentence concern the third of these guarantees.
 "The appellant was indicted for three separate offenses. Though the appellant was indicted for three counts of capital murder, he was ultimately convicted for three counts of the lesser included offense of intentional murder. These three counts were contained in the same statute. An evaluation of the case under [In re] Sisson v. State, 528 So.2d 1159 (Ala. 1988), shows that the appellant could not have been convicted of three counts of the same statute. As this court stated in Sisson, '[T]he two subsections of a similar statute were merely alternative methods of proving the same crime, and therefore, did not constitute separate offenses.' Sisson, 528 So.2d at 1162. Thus appellant's conviction on three counts of intentional murder violated the protection against double jeopardy guaranteed to him by the constitution.
 "The state argues that since the appellant was only sentenced once, to 50 years' imprisonment, the error is harmless. We do not agree with this argument. The United States Supreme Court stated in Ball v. United States, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985):
 " 'The remedy of ordering one of the sentences to be served concurrently with the other cannot be squared with Congress' intention. One of the convictions, as well as its concurrent sentence, is unauthorized punishment for a separate offense.
 " 'The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate conviction apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.'
"Ball, 470 U.S. at 864-65, 105 S.Ct. at 1673."
575 So.2d at 1217. The Meyer court remanded the case for the trial court to vacate two of the appellant's murder convictions.
An alternative analysis of Rolling's claims arises from the fact that Rolling was convicted not only of felony murder but also of a lesser included offense of felony murder. Reckless manslaughter is a lesser included offense of felony murder; it requires no proof independent of that necessary to establish felony murder. See § 13A-1-9(a)(1) ("An offense is an included one if . . . [i]t is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged"). See also Vinson v. State,601 So.2d 196 (Ala.Cr.App. 1992) (it would be impossible to commit the greater offense without committing the lesser included offense).
Coral v. State, 628 So.2d 954, 958 (Ala.Cr.App. 1992), aff'd,628 So.2d 1004 (Ala. 1993), cert. denied, ___ U.S. ___,114 S.Ct. 1387, 128 L.Ed.2d 61 (1994), illustrates the application of the lesser included offense analysis to a double jeopardy claim:
 "The appellant contends that he was twice put in jeopardy for the same offense because he was convicted of the lesser included offense of murder under Count I, which alleged the capital offense of murder-robbery, and he was also convicted of the capital offense of murder-burglary under Count II. It is clear that these two offenses arose out of the same conduct and that his murder conviction constitutes a conviction for the same murder that was an element of the capital offense of murder-burglary for which he was also convicted. While the appellant was in fact sentenced only for the greater offense, his murder conviction under Count I cannot *Page 815 
stand. Section § 13A-1-8(b) provides, in part, as follows:
 " 'When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, one offense if:
 " '(1) One offense is included in the other, as defined in section § 13A-1-9. . . ."[1]
 "Clearly, under § 13A-1-9, murder is included in the capital offense of murder-burglary. . . . Accordingly, this cause is remanded for the trial court to vacate the appellant's conviction for murder under Count I of the indictment. However, the appellant's conviction for the capital offense of murder-burglary was proper in this regard and thus it stands."
See also Crear v. State, 591 So.2d 530 (Ala.Cr.App. 1991) (under § 13A-1-8(b)(1), the defendant was erroneously convicted of both resisting arrest and assault where they arose out of the same incident and, under the facts, resisting arrest was a lesser included offense of assault); Pardue v. State,571 So.2d 320, 329-30 (Ala.Cr.App. 1989), rev'd on other grounds,571 So.2d 333 (Ala. 1990) (under § 13A-1-8(b)(1), the defendant was erroneously convicted of both first and second degree theft of property where the convictions were based on a single theft of the same property stolen from the same victim in the same burglary). Compare McKinney v. State, 511 So.2d 220, 225 (Ala. 1987) ("a single criminal act that causes injury to more than one person may constitute more than one offense and may support more than one prosecution and conviction").
Based on the above discussion, the trial court's judgment finding Rolling guilty of both crimes was error. We hold that, particularly pursuant to § 13A-1-8(b)(1), the court was without jurisdiction to adjudge Rolling guilty of manslaughter. Thus, this issue is exempted from the procedural bar presented by the expiration of the limitations period of Rule 32.
In so holding, we recognize that the Alabama appellate courts have previously held that the defendant's failure to file a pretrial motion raising a double jeopardy claim forecloses subsequent assertion of that issue. See the cases discussed below. See also Rule 15.2(a) ("Objections based on defects in the commencement of the proceeding or in the charge, other than lack of subject matter jurisdiction or failure to charge an offense, may be raised only by pre-trial motion as provided in Rule 15.3."). However, this rule should apply only if the double jeopardy claim is viable prior to trial. See, e.g., Ex parte Sales, 460 So.2d 1252 (Ala. 1984) (recognizing the general rule that a plea of prior conviction must be entered either before or simultaneously with the plea of not guilty); Kuk v. State, 602 So.2d 1213 (Ala.Cr.App. 1992) (in a Ala.R.Crim.P.Temp. 20 petition, the issue whether the defendant was subjected to double jeopardy because the jury had been released for one month between being impaneled and hearing the case was waived because it could have been raised at trial); Bolden v. State, 568 So.2d 841, 844 (Ala.Cr.App. 1989) (the issue whether the defendants could be charged with both arson and attempted theft was waived by their failure to file a pretrial motion arguing this ground). See also Rule 15.2(b) ("The pre-trial motion shall include all objections and defenses then available to the defendant.") (emphasis added). (Sturdivant v. State, 643 So.2d 1013 (Ala.Cr.App. 1993), andPowell v. State, 616 So.2d 370 (Ala.Cr.App. 1992), add nothing to this discussion. In Sturdivant, the court merely held that the claim that "his conviction violated the Double Jeopardy Clause" could have been raised at *Page 816 
trial or on direct appeal of the conviction and thus would not be considered in the appeal of the circuit court's denial of a Rule 32 petition. 643 So.2d at 1014. In Powell, the court held that the claim that the appellant's "conviction violated the principles of double jeopardy" was correctly determined to be procedurally barred from consideration in a Rule 32 petition because it could have been raised on direct appeal.)
Moreover, this double jeopardy claim goes to the jurisdiction of the trial court to render judgment. In Ex parteMcKelvey, 630 So.2d 56 (Ala. 1992), the Alabama Supreme Court examined the double jeopardy issue whether the imposition of separate sentences for convictions arising from the same act was improper under the ground specified in Rule 32.1(b): "The court was without jurisdiction to render judgment or to impose sentence."[2] It stands to reason that if the double sentencing issue is cognizable, then a double conviction issue is cognizable. See also Salter v. State, 606 So.2d 209
(Ala.Cr.App. 1992) (the appellant's failure to raise on direct appeal the claim that he was guilty of only one offense of possession instead of the two offenses for which he was convicted, arguing that his possession of the two controlled substances was simultaneous, did not bar consideration of that issue in a Rule 32 proceeding because that issue presents a jurisdictional claim, not barred by the expiration of the Rule 32 limitations period because it falls within Rule 32.1(c), that is, "[t]he sentence imposed exceeds the maximum authorized by law or is otherwise not authorized by law"). Accordingly, we find that Rolling's double jeopardy/jurisdictional issue is not precluded by operation of the limitations period.
We further find that the state failed to meet its burden in regard to its assertion of the successive petition procedural bar.
 "In order for a petition to be procedurally barred as successive, the state must plead that the prior petition had been adjudicated on its merits. Kuk v. State, 580 So.2d 750 (Ala.Cr.App. 1991). See also Temp. Rule 20.3 [presently A.R.Cr.P. 32.3] (which states, in part, that '[t]he State shall have the burden of pleading any ground of preclusion')."
Ellison v. State, 593 So.2d 150, 152 (Ala.Cr.App. 1991). The state merely pleaded that the claims were successive and repetitive. The court merely found that Rolling's prior petition had been denied and that the present petition is "repetitive and barred under the Alabama Rules of Criminal Procedure." Although Rolling in his petition asserted that his prior petition had been denied after an evidentiary hearing, this alone does not indicate that that petition was treated on its merits. See McHarris v. State, 623 So.2d 400 (Ala.Cr.App. 1993) (the appellant's petition was not successive where although the circuit court held a hearing on the appellant's prior petition, it denied that petition on procedural grounds and thus did not adjudicate its merits).
In conclusion, we find that allegations in Rolling's petition's of prosecutorial misconduct and ineffective counsel are procedurally barred by Rule 32.2(c). However, the following grounds are not procedurally barred by Rule 32.2(b) or 32.2(c): (1) that his two convictions charged under the same statute and in two counts of one indictment were based on the same act and one murder and thus violate his right against double jeopardy; and (2) that double convictions for the same act are in effect double punishment when those convictions are subsequently used for enhancement under the Habitual Felony Offender Act.
Accordingly, this case is remanded for further proceedings consistent with this opinion. *Page 817 
REMANDED WITH INSTRUCTIONS.*
All Judges concur.
[1] Judge Bowen, in his special concurrence in King v. State,574 So.2d 921, 935-36 (Ala.Cr.App. 1990), noted that the procedure outlined in § 13A-1-8(b) dovetails with the procedure set out by the Supreme Court in Ball, 470 U.S. at 865,105 S.Ct. at 1673-74, whereby the trial court submits all counts reasonably supported by the evidence to the jury, notwithstanding the fact that some of the counts charge the "same offense" for jeopardy purposes and, if the jury returns guilty verdicts for each count, enters judgment on only one of the statutory offenses.
[2] McKelvey addresses double punishment only as it relates to multiple punishments — not multiple convictions. In this vein, the Alabama Supreme Court in McKelvey, 630 So.2d at 58, citesWildman v. State, 42 Ala. App. 357, 165 So.2d 396 (1963), cert.denied, 276 Ala. 708, 165 So.2d 403 (1964), for the proposition that "the statutory prohibition against double punishment does not forbid convictions for both charges and does not forbid concurrent sentences — only double punishment." In this court's subsequent opinion in McKelvey v. State, 630 So.2d 60,62 (Ala.Cr.App. 1993), after remand, we recognized that double convictions might trigger double jeopardy protection if the convictions are subsequently used for purposes of the Habitual Felony Offender Act.
* Note from the Reporter of Decisions: On January 19, 1996, on return to remand, the court of Criminal Appeals affirmed, without opinion.