McMILLAN, Presiding Judge.
The appellant, John Will Young, appeals from his convictions for robbery in the first degree, a violation of § 13A-8-41(a)(1), Ala.Code 1975, and theft of property in the third degree, a violation of § 13A-8-5, Ala.Code 1975. He was sentenced as a habitual offender to 30 years’ imprisonment on the robbery conviction, and 1 year’s imprisonment on the theft conviction.
I.
The appellant argues that the trial court improperly used a prior felony conviction to enhance his sentence. Specifically, he argues that the State failed to prove beyond a reasonable doubt that he had a previous felony conviction.
The record indicates, however, that the appellant failed to object to the application of the HFOA at the time of sentencing. Additionally, the appellant failed to raise this argument in his motion for a new trial. Because the appellant failed to raise an objection on this ground at the time of sentencing or in his motion for a new trial, his argument was not preserved for appellate review. Hale v. State, 848 So.2d 224 (Ala.2002); Nichols v. State, 629 So.2d 51 (Ala.Crim.App.1993).
II.
The appellant argues that the State presented insufficient evidence to sustain his convictions because, he says, the circumstantial evidence did not exclude every reasonable hypothesis other than his guilt. In support of his argument, he contends that the circumstantial evidence was con *990 fusing, and, therefore, that the jury could have hypothesized that he was innocent.
“ ‘ “In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether the jury might reasonably'so conclude.” ’ ”
Tolliver v. State, 814 So.2d 991, 995-96 (Ala.Crim.App.2000) (quoting Rhodes v. State, 580 So.2d 92, 94 (Ala.Crim.App.1991), quoting in turn Mauldin v. State, 376 So.2d 788, 791 (Ala.Crim.App.1979)) (emphasis added).
The appellant’s argument, however, is without merit because the jury’s verdicts of guilt were based both on direct and circumstantial evidence. In Williams v. State, 548 So.2d 584, 588 (Ala.Crim.App. 1988), this Court noted that direct evidence has been defined as “ ‘the assertions of human beings used as the basis of inference to the propositions'asserted by them. This may be called “testimonial evidence.” ’ ” (Quoting 1A Wigmore, Evidence § 25 (Tillers rev. ed.1983).) Moreover, it is well settled that “[t]he testimony of the victim alone [is] sufficient to establish a prima facie case of robbery.” Watkins v. State, 565 So.2d 1227, 1231 (Ala.Crim.App.1990).
The record reveals that the State presented the eyewitness testimony of Patrice Brown, who testified that on March 15, 2001, she was an employee at the Quick Stop Convenience Store on Main Street in ■Millbrook, Alabama. She testified that while in the process of making a sign for the store, she looked up and saw the appellant, who 'demanded that she “give [him] the money.” She testified that she was in shock and asked him if he was serious; he again responded “just give me the money.” She testified that she observed something sticking out from under his clothing. Ms. Brown testified that, fearing that he might “sodomize, hit, or shoot her,” she hit the “no sale” key on the cash register and stepped back. She testified that the appellant grabbed $116 in cash from the cash register and ran. Ms. Brown ran behind the appellant in an attempt to obtain the number of his license plate. She observed that the robber was driving a black Dodge truck with red writing on the back. She testified that she informed the police that the robber was a black male, who was approximately 6 feet tall and weighed around 250 popnds. She also informed police that the robber was wearing a white shirt and a red skull cap or bandana around his head. When asked by the State whether the appellant was the man who robbed the Quick Stop Convenience Store, Ms. Brown pointed at him in the courtroom and answered, “Yes.” Additionally, the State presented evidence that Ms. Brown identified the appellant, from a photographic lineup as the man who robbed the convenience store.
, Corp. Thomas Fuller of the Millbrook Police Department testified that, after hearing a “be on the lookout” report (BOLO), he stopped a black Dodge on Highway 14, near the robbery scene. He believed the driver might be suspicious because he was not wearing any shoes and was wearing white socks. He testified, however, that he let the driver go because, in hi? opinion, the description of the robber did not match that of the driver. Within a minute of his being stopped by Corp. Fuller, the appellant was apprehended a second time by Prattville police. Corp. Fuller informed Prattville police that, in his opinion, the appellant was not the robber and, based on his recommendation, the Prattville police let the appellant go. Corp. Fuller testified that he then *991 viewed the store’s videotape and discovered that the appellant was, in fact, the robber and the individual that had been stopped twice by police officers.
Based on the foregoing, the trial court did not err in denying the appellant’s motion for a judgment of acquittal as to his first-degree robbery conviction. Although the appellant did not object in the trial court that he had been subjected to double jeopardy after the jury returned its verdicts convicting him of both robbery in the first degree and theft in the third degree, and the trial court entered judgments of conviction on both offenses, we are obligated to take note of the fact that the trial court was without jurisdiction to adjudge the appellant guilty of both offenses. See Rolling v. State, 673 So.2d 812 (Ala.Crim.App.1995) (certain double-jeopardy claims implicate the jurisdiction of the trial court and, therefore, are not subjection to waiver). Here, the record establishes that although these two offenses arose out of the same conduct, the theft offense is a lesser-included offense of robbery; therefore, the appellant’s right to not be placed in jeopardy twice for the same offense was violated when he was convicted of both the greater offense of first-degree robbery and the lesser-included offense of third-degree theft. Cf. Twitty v. State, 50 Ala.App. 246, 278 So.2d 247 (Crim.App.1973) (larceny is a lesser offense which is included in the greater offense of robbery.). See also Bailey v. State, 466 So.2d 176 (Ala.Crim.App.1985); Grayson v. State, 824 So.2d 804 (Ala.Crim.App.1999); and Loggins v. State, 771 So.2d 1070) (Ala.Crim.App.1999). Like Rolling, supra, both of these decisions involved simultaneous convictions for both a greater and a lesser included offense.
Sections 13A-l-8(b), Ala.Code 1975, provides, in part, as follows:
“(b) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
“(1) One offense is included in the other, as defined in Section 13A-1-9....”
Section 13A.—1—9(a)(1), Ala.Code 1975, provides, in part, as follows:
“An offense is an included one if .... [i]t is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged.”
Therefore, this cause is due to be remanded with directions for the trial court to vacate the appellant’s conviction and sentence as to the lesser-included offense of theft in the third degree, as charged in Count II of the indictment. However, the appellant’s conviction under Count I of the indictment for robbery in the first degree and the resulting sentence is affirmed.
AFFIRMED AS TO CONVICTION AND SENTENCE FOR ROBBERY IN THE FIRST DEGREE; REVERSED AS TO CONVICTION AND SENTENCE FOR THEFT IN THE FIRST DEGREE; REMANDED WITH DIRECTIONS. 
COBB, BASCHAB, SHAW, and WISE, JJ., concur.