The Jefferson Circuit Court dismissed William Keith Robey's petition for post-judgment relief filed pursuant to Rule 32, Ala. R.Crim. P. The Court of Criminal Appeals affirmed the dismissal, by an unpublished memorandum, Robey v. State (No. CR-03-0886, May 21, 2004), 919 So.2d 1244 (Ala.Crim.App. 2004) (table), and Robey petitioned this Court for a writ of certiorari. We granted that petition to review two issues. We affirm the judgment of the Court of Criminal Appeals in part, reverse it in part, and remand the case.
 I. Facts and Procedural History
William Keith Robey was convicted of one count of reckless murder, see § 13A-6-2(a)(2), Ala. Code 1975, and two counts of first-degree assault, see § 13A-6-20(a)(3) and (a)(5), Ala. Code 1975. All three counts were based on an incident involving Robey, Tasha Reese, and Jessie McNabb. The evidence at trial showed that Robey was driving a vehicle and that Reese was a passenger in the vehicle. Robey's vehicle swerved across the dividing line of the road and into the lane of oncoming traffic. Robey's vehicle collided head-on with a vehicle driven by McNabb, killing Reese and severely injuring McNabb. At trial, law-enforcement officers who responded to the accident scene testified that, when they arrived at the scene, Robey smelled of alcohol and that he showed other signs of intoxication. A blood-ethanol analysis revealed a blood-alcohol level of .128 percent. Testing also revealed the presence of drugs other than alcohol in Robey's system.
The Alabama Court of Criminal Appeals affirmed Robey's conviction, by an unpublished memorandum. Robey v. State (No. CR-99-0905), 814 So.2d 1014 (Ala.Crim.App. 2000) (table). On November 8, 2001, Robey filed a petition for postjudgment relief pursuant to Rule 32, Ala. R.Crim. P.,[1] which the trial court summarily denied. The Court of Criminal Appeals affirmed the trial court's summary denial of Robey's Rule 32 petition, by an unpublished memorandum. Robey v. State (No. CR-01-1294),876 So.2d 1185 (Ala.Crim.App. 2003) (table). On June 18, 2003, Robey filed a second Rule 32 petition, which the trial court denied. The Alabama Court of Criminal Appeals affirmed the trial court's denial in an unpublished memorandum issued on May 21, 2004. The Court of Criminal Appeals overruled Robey's application for rehearing, and this petition for the writ of certiorari followed.
 II. Analysis A. Double Jeopardy
Robey was convicted of two counts of assault in the first degree arising out of the injuries to McNabb. On appeal, Robey argues that these two convictions, which are based on separate subsections of § 13A-6-20(a), violate his double-jeopardy rights. With good reason, the State concedes this issue. *Page 1071 
In Ex parte Rice, 766 So.2d 143, 148 (Ala. 1999), we recognized the long-standing proposition that "the Double Jeopardy Clause, as a general rule, prohibits the State from subjecting a defendant to multiple punishments for the same offense." In Blockburger v. United States, 284 U.S. 299, 304,52 S.Ct. 180, 76 L.Ed. 306 (1932), the United States Supreme Court stated, "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not."
However, in Rice we stated, "Because we are dealing here with a single statute . . . that defines a single offense, theBlockburger test is not applicable." 766 So.2d at 150 (citingSanabria v. United States, 437 U.S. 54, 70 n. 24,98 S.Ct. 2170, 57 L.Ed.2d 43 (1978)). We also stated in Rice that "when a statute provides alternative or different methods of committing the same offense, each alternative method is not to be treated as a separate offense." 766 So.2d at 150 (citing Sisson v. State,528 So.2d 1159 (Ala. 1988)). In the instant case, Robey was convicted of two counts of first-degree assault under two subsections of the same Code section. The pertinent subsections of § 13A-6-20(a), Ala. Code 1975, provide:
 "(a) A person commits the crime of assault in the first degree if:
". . . .
 "(3) Under circumstances manifesting extreme indifference to the value of human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to any person; or
". . . .
 "(5) While driving under the influence of alcohol or a controlled substance or any combination thereof in violation of Section 32-5A-191 he causes serious bodily injury to the person of another with a motor vehicle."
We conclude that the offense of first-degree assault under §13A-6-20(a) "may be committed by several different methods, and the State may allege and prove any one or all of those various methods in its attempt to establish the defendant's guilt."Rice, 766 So.2d at 150. We have found no indication that the Legislature intended to impose multiple punishments under the separate subsections of § 13A-6-20(a) when the actions described in each of those subsections are based on the same conduct of the accused, as well as the same injuries to the same victim. Therefore, punishing Robey twice for the same offense — first-degree assault — violated his double-jeopardy rights.
Rule 32.2(b), Ala. R.Crim. P., with some exceptions, generally precludes a trial court from granting relief pursuant to a successive Rule 32 petition.[2] One such exception is applicable when "the petitioner is entitled to relief on the ground that the court was without jurisdiction to render a judgment or to impose sentence. . . ." The violation of Robey's double-jeopardy rights raises questions of the trial court's jurisdiction to enter a judgment on both assault counts. See Exparte McKelvey, 630 So.2d 56, 57 (Ala. 1992) ("If the trial court imposed the sentence on *Page 1072 
[the defendant] without jurisdiction to impose the consecutive sentences for burglary and theft, then [the defendant's] ground for appeal was not procedurally barred by his failure to object at his sentencing hearing."). Therefore, Robey is not barred from asserting in this successive Rule 32 petition the violation of his double-jeopardy rights.
Because the trial court had no jurisdiction to enter both convictions on the verdicts finding Robey guilty of two counts of first-degree assault, we remand this case for the Court of Criminal Appeals to remand the case to the trial court for the entry of an order that adjudges Robey guilty of a single offense of assault in the first degree. See Rice, 766 So.2d at 152-53
("[A]n appellate court's vacating one of [the defendant's] convictions and its corresponding sentence would have the effect, albeit unintended, of nullifying a part of the jury's verdict. We think the better approach is for the Court of Criminal Appeals to remand the case to the trial court for the entry of a new order — an order that adjudges [the defendant] guilty of [the victim's] murder and sentences him for that single offense.").
 B. Fatal Variance Between the Indictment and the Proof
Robey next argues that a fatal variance exists between the facts alleged in the indictment charging him with murder and the proof offered at trial. The murder indictment states:
 "William Keith Robey . . . did recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death to a person other than the said William Keith Robey, and did thereby cause the death of Tasha Kathleen Reese while operating a motor vehicle while under the influence of alcohol and crossing the center line of the road and colliding with another motor vehicle thereby killing the said Tasha Kathleen Reese. . . ."
(Emphasis added.)
The two-count indictment charging assault states:
 "[1st:] WILLIAM KEITH ROBEY . . . did, under circumstances manifesting extreme indifference to the value of human life, recklessly engage in conduct which created a grave risk of death to another person and did thereby cause serious physical injury to JESSIE JAMES McNABB, JR., by operating a motor vehicle while under the influence of alcohol. . . .
 "2nd: WILLIAM KEITH ROBEY . . . while driving under the influence of alcohol or a controlled substance or any combination thereof . . . did cause serious bodily injury to the person of . . . JESSIE JAMES McNABB, JR., with a motor vehicle. . . ."
(Capitalization in original.)
Robey argues that the proof at trial consisted of evidence that he was intoxicated due not only to alcohol but also to drugs.
Specifically, Robey stated in his application for rehearing of the Court of Criminal Appeals' decision affirming the trial court's denial of his second Rule 32 petition, a verbatim copy of which appears in his petition for the writ of certiorari, that "[d]uring trial the State's proof was for murder/assault by [driving under the influence] of alcohol and a combination of a controlled substance, which is a violation of 32-5A-191(a)(4)." (Robey's petition at 9.) The State has not challenged this assertion. Robey contends that, because the murder indictment recited only that Robey was driving under the influence ofalcohol, the proof offered at trial indicating that he was driving under the influence of a controlled substance (or a combination of alcohol and a controlled substance) resulted in *Page 1073 
his being convicted of a crime for which he was not indicted (murder based on his causing the death of Reese while he was driving under the influence of a controlled substance or a combination of alcohol and a controlled substance).
The Rule 32 petition that is the subject of this appeal is the second Rule 32 petition filed by Robey. Rule 32.2(b), Ala. R.Crim. P., provides:
 "A successive petition on different grounds [than those alleged in a previous Rule 32 petition] shall be denied unless (1) the petitioner is entitled to relief on the ground that the court was without jurisdiction to render a judgment or to impose sentence or (2) the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."
Unless Robey can show sufficient justification for his failure to argue this issue in his first Rule 32 petition, as well as a miscarriage of justice resulting from the trial court's failure to entertain the second Rule 32 petition, or unless the alleged variance between the indictment and the proof deprived the trial court of jurisdiction to enter judgment on the jury's verdict, the trial court correctly dismissed the successive petition.
In Ash v. State, 843 So.2d 213, 216-17 (Ala. 2002), we stated:
 "A valid indictment is the source of the subject matter jurisdiction to try a contested criminal case. Batey v. State, 755 So.2d 593, 595 (Ala.Crim.App. 1999). Absent a valid indictment, a trial court would lack subject matter jurisdiction to try, to convict, or to sentence a defendant in a contested criminal case. Batey, supra, and Hall v. State, 655 So.2d 51, 52 (Ala.Crim.App. 1995). See also Crews v. State, 40 Ala.App. 306, 308, 112 So.2d 805, 807
(1959). Therefore, an amendment [to an indictment] which changes the offense or charges a new offense not contemplated by the original indictment would deprive the trial court of jurisdiction over the different or new offense."
(Emphasis added; some citations omitted.) In the instant case, there was no formal or constructive amendment to the indictment. With respect to the murder count, the trial court read the indictment to the jury and charged the jury as follows:
 "To convict, the State must prove beyond a reasonable doubt each of the following three elements: First, that Tasha Reese is dead; second, the State would have to prove that the defendant in this case caused the death of Miss Reese by engaging in reckless conduct, that is, the operation of the motor vehicle while under the influence of alcohol, crossing the center line of the road, that's the manner in which it's set forth in the indictment. And, third, that in committing the acts which caused the death of Miss Reese the defendant acted with extreme indifference to human life."
(Emphasis added.) The jury found Robey guilty of murder by driving under the influence of alcohol, as charged in the indictment. This is not a case in which the defendant was convicted of a crime for which he had not been indicted. The trial court therefore did not lack jurisdiction to enter a judgment on the verdict finding Robey guilty of murder. We need not decide whether evidence of Robey's drug use undermines the murder conviction. Robey has not shown facts sufficient to warrant the conclusion that the evidence of his intoxication solely by alcohol was insufficient to support the murder conviction. *Page 1074 
Moreover, such a challenge to the sufficiency of the evidence would not be jurisdictional and would therefore be precluded in this successive Rule 32 petition.
Robey cites Ex parte Lewis, 811 So.2d 485 (Ala. 2001), in support of his argument that the trial court lacked jurisdiction to enter a judgment because of what he says is a fatal variance between the indictment and the proof at trial. In Lewis, we held that an indictment that failed to set forth an essential element of the crime for which the defendant was found guilty did not give the trial court jurisdiction to enter a judgment on the verdict returned on the indictment. What occurred in Lewis in essence was that a judgment was entered on a guilty verdict for an offense that had not been charged in the indictment. The trial court had no jurisdiction to enter such a judgment. In the instant case, however, all of the essential elements of reckless murder as set out in § 13A-6-2(a)(2), i.e., reckless murder based on Robey's driving under the influence of alcohol alone, were set out in the murder indictment. The trial court read the indictment to the jury and charged it on the elements as included in the indictment. Unlike the defendant in Lewis, Robey was not convicted of an offense for which he had not been indicted.
Robey also cites Ex parte Hightower, 443 So.2d 1272 (Ala. 1983), in support of his lack-of-jurisdiction argument. InHightower, the defendant was indicted for engaging in sexual intercourse with a female without her consent. At trial, "`the State wholly failed to prove that the sexual act was committed without [the victim's] consent. . . .'" 443 So.2d at 1274 (citingHightower v. State, 443 So.2d 1270, 1271 (Ala.Crim.App. 1982)). Rather, the proof showed that the defendant obtained the victim's consent by artifice. This Court held that the variance between the indictment and the proof at trial was fatal. However, there was no discussion in Hightower of the jurisdiction of the trial court to enter a judgment on the guilty verdict, and that case involved an appeal from a conviction, not an appeal from the denial of a Rule 32 petition.
 III. Conclusion
The trial court had no jurisdiction to enter both judgments on the verdicts finding Robey guilty of two assaults. We therefore reverse the judgment of the Court of Criminal Appeals insofar as it affirmed the trial court's judgment finding Robey guilty of two assault-in-the-first-degree offenses, and we remand this case to the Court of Criminal Appeals. That court shall remand the case to the trial court for the entry of an order that adjudges Robey guilty of a single offense of assault in the first degree.
Any alleged variance between the indictment and the proof at trial did not deprive the trial court of jurisdiction to enter a judgment on the verdict returned by the jury. Therefore, the dismissal by the trial court of Robey's second Rule 32 petition was not error, and we affirm that portion of the unpublished memorandum of the Court of Criminal Appeals affirming the trial court's dismissal of the Rule 32 petition on the variance issue.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
NABERS, C.J., and HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] Rule 32 affords a defendant certain postconviction remedies. The defendant can petition the trial court for appropriate relief if: 1) the United States Constitution or the Alabama Constitution requires such relief; 2) the trial court was without jurisdiction to render the judgment or to impose the sentence; 3) the sentence imposed is not authorized by law; 4) the defendant is being held after the expiration of his sentence; 5) newly discovered facts require a conviction or sentence to be vacated; or 6) the defendant failed, without fault on his part, to appeal within the prescribed time limit.
[2] "If a petitioner has previously filed a petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of that same trial or guilty-plea proceeding shall be treated as successive petitions under this rule." Rule 32.2(b), Ala. R.Crim. P. *Page 1075