The Houston Circuit Court summarily dismissed Richard Jay Benefield's petition for postjudgment relief filed pursuant to Rule 32, Ala. R.Crim. P. The Court of Criminal Appeals affirmed the dismissal by an unpublished memorandum, Benefield v. State
(No. CR-04-1017, May 20, 2005), 926 So.2d 1090 (Ala.Crim.App. 2005) (table), and Benefield petitioned this Court for a writ of certiorari. We granted that petition to review a single issue concerning double jeopardy. We reverse the judgment of the Court of Criminal Appeals and remand the case.
In 2000, Benefield pleaded guilty to first-degree sexual abuse, first-degree rape, and first-degree sodomy. He was sentenced for each offense, and he did not appeal. In January 2005, Benefield filed a Rule 32 petition challenging his guilty-plea convictions.
In his Rule 32 petition, Benefield claimed, in pertinent part, that his convictions for first-degree rape and first-degree sexual abuse arose "from a single transaction involving the same victim," and that, therefore, the convictions violated his double-jeopardy rights. Thus, he argued, "the [trial] court lacked jurisdiction to adjudicate and sentence [him] as guilty of both charges." (Emphasis added.) Finally, Benefield alleged that his claim raised "a true jurisdictional issue, [which] is not subject to the preclusions [of Rule 32.2(a)] or the limitations period [of Rule 32.2(c)]." (Emphasis added.)
On February 3, 2005, in response to Benefield's Rule 32 petition, the State filed a motion for summary disposition. In that motion, the State admitted "that a defendant cannot be convicted of both [first-degree rape and first-degree sexual abuse] arising out of `the same act.'" Without addressing the allegedly jurisdictional nature *Page 93 
of Benefield's claim, the State simply argued that his claim was without merit, because, it argued, "evidence exists of different acts for each charge"; thus, the State argued, both convictions did not arise out of the same act. On February 4, 2005, the trial court granted the State's motion and summarily dismissed Benefield's Rule 32 petition. Benefield then appealed to the Court of Criminal Appeals.
In its unpublished memorandum, the Court of Criminal Appeals acknowledged Benefield's argument "that he is entitled to postconviction relief because . . . the trial court did not have jurisdiction to render judgments and impose sentences in his cases because his convictions for first-degree sexual abuse and first-degree rape violate double-jeopardy principles." However, the Court of Criminal Appeals, citing no authority, held that Benefield's claim is a nonjurisdictional claim that is precluded because he could have raised it at trial and on appeal, but did not, Rule 32.2(a)(3) and (4), and because it is time-barred, Rule 32.2(c). Therefore, the Court of Criminal Appeals affirmed the trial court's summary dismissal of Benefield's Rule 32 petition.
We granted certiorari review to consider Benefield's claim that the Court of Criminal Appeals' holding that his double-jeopardy claim is nonjurisdictional conflicts with its decision inRolling v. State, 673 So.2d 812 (Ala.Crim.App. 1995), and with this Court's decision in Ex parte Robey, 920 So.2d 1069 (Ala. 2004). In Rolling, the defendant appealed "from the circuit court's denial of his Rule 32, Ala. R.Crim. P., petition in which he contest[ed] his . . . convictions for felony murder and reckless manslaughter." 673 So.2d at 813. In his petition, Rolling asserted, in pertinent part, "that because his two convictions [were] based on the same act — the killing of Jim Godfrey — they violate his right against double jeopardy."673 So.2d at 813. The Court of Criminal Appeals held that "this double jeopardy claim goes to the jurisdiction of the trial court to render judgment," and that, therefore, "Rolling's double jeopardy/jurisdictional issue [was] not precluded by operation of the limitations period." 673 So.2d at 816.
The facts in Rolling are indistinguishable from those in Benefield's case. In Rolling, the defendant alleged that his two convictions were based on the same act. In his verified petition, Benefield alleged that his convictions for first-degree rape and first-degree sexual abuse arose "from a single transaction involving the same victim." In Rolling, "[r]eckless manslaughter [was] a lesser included offense of felony murder."673 So.2d at 814. Here, the State admitted "that a defendant cannot be convicted of both [first-degree rape and first-degree sexual abuse] arising out of `the same act,'" because first-degree sexual abuse is a lesser-included offense of first-degree rape. See King v. State, 574 So.2d 921, 929
(Ala.Crim.App. 1990). Thus, the Court of Criminal Appeals' decision in Benefield's case conflicts with its prior decision inRolling.
In Robey, the defendant was convicted of two counts of assault in the first degree based on injuries suffered by Jessie McNabb as the result of a motor-vehicle accident involving Robey's vehicle. This Court held that "punishing Robey twice for the same offense — first-degree assault — violated his double-jeopardy rights." 920 So.2d at 1073. Further, this Court stated:
 "The violation of Robey's double-jeopardy rights raises questions of the trial court's jurisdiction to enter a judgment on both assault counts. See Ex parte McKelvey, 630 So.2d 56, 57 (Ala. 1992) (`If the trial court imposed the sentence on [the defendant] without jurisdiction to impose the consecutive sentences for *Page 94 
burglary and theft, then [the defendant's] ground for appeal was not procedurally barred by his failure to object at his sentencing hearing.'). Therefore, Robey is not barred from asserting in this successive Rule 32 petition the violation of his double-jeopardy rights."
920 So.2d at 1071-72. The Court of Criminal Appeals' conclusion that Benefield's double-jeopardy claim was nonjurisdictional conflicts with this Court's decision in Robey.
In its brief, the State does not address the apparent conflicts between the Court of Criminal Appeals' decision and the decisions in Rolling and Robey. Instead, the State argues that "[b]ecause Benefield's double-jeopardy claim is without merit, it is a nonjurisdictional claim." State's brief, at 19. However, at this time, this Court is considering the jurisdictional nature of Benefield's claim, not its merits. Also, while the State argues that the Court of Criminal Appeals "rul[ed] that Benefield had not carried his burden of proof that the sexual abuse conviction was a lesser-included offense of the rape charge," State's brief, at 19, the Court of Criminal Appeals did not do so, and no factual issue is before this Court on certiorari review.
For the foregoing reasons, the judgment of the Court of Criminal Appeals is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.*
NABERS, C.J., and LYONS, HARWOOD, SMITH, and PARKER, JJ., concur.
SEE, STUART, and BOLIN, JJ., concur specially.
* Note from the reporter of decisions: On November 18, 2005, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion (CR-04-1017). On December 9, 2005, that court denied rehearing, without opinion. On January 13, 2006, the Supreme Court denied a second certiorari petition, without opinion (1050375).