McMILLAN, Judge.
The appellant, Jeremiah Jamar Davis, appeals from the circuit court’s summary denial of his Rule 32, Ala. R.Crim. P., postconviction petition for relief challenging his May 12, 2006, guilty-plea conviction for felony murder and robbery, and the resulting two life sentences to be served consecutively. Davis did not appeal his convictions.
In his petition filed January 12, 2007, Davis claimed that the circuit court was without jurisdiction to render judgment or to impose the sentence. In an attachment to his petition, Davis argued that “the trial court subjected him to double jeopardy when it amended his indictment from capital murder to charge separately felony murder and first-degree robbery because his plea of guilty entered to the charge of felony murder encompassed the first-degree robbery conviction”. Therefore, he claimed that the conviction for first-degree robbery is due to be vacated.
The State responded that Davis had asserted “conclusory allegations of law” without providing any underlying factual basis, that Davis had failed to provide clear and specific claims, that Davis’s claims should have been raised at trial or on appeal and were therefore proeedurally barred, that Davis failed to state a claim for which relief could be granted, that the petition was without legal merit, that no material issue of fact or law existed that would entitle Davis to relief, and that no purpose would be served by conducting further proceedings in this matter. On January 23, 2007, the circuit court denied and dismissed the petition without an evidentiary hearing based on the State’s response.
On appeal, Davis presents the same issue. The record on his appeal from the Rule 32 proceeding is insufficient to establish the basis for the felony-murder conviction. A certified copy of the indictment is not part of the record, and there are no findings of facts on the petition.
In Peterson v. State, 842 So.2d 734, 738 (Ala.Crim.App.2001), this Court held:
“If the appellant’s convictions for both felony-murder and first-degree robbery were based on the same robbery, his convictions for both offenses violate double jeopardy principles. See Weaver v. State, 763 So.2d 972 (Ala.Crim.App.1998), rev’d on other grounds, 763 So.2d 982 (Ala.1999).”
*626 Moreover, double-jeopardy claims such as the one presented here implicates jurisdictional issues. Ex parte Trawick, 972 So.2d 782 (Ala.2007); Ex parte Robey, 920 So.2d 1069 (Ala.2005).
Therefore, this case must be remanded to the circuit court to determine whether the same act of robbery formed the basis for both the felony-murder conviction and the first-degree-robbery conviction. The trial court shall make specific, written findings of fact regarding the allegations contained in the amended indictment against Davis charging felony murder and first degree robbery and the felony that provided the basis for the felony-murder conviction. If the circuit court determines that Davis should not have been allowed to plead guilty to both felony murder and first-degree robbery, it shall vacate the first-degree robbery conviction.
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
BASCHAB, P.J., and SHAW, WISE, and WELCH, JJ., concur.

 Note from the reporter of decisions: On January 25, 2008, on return to remand, the Court of Criminal Appeals affirmed, without opinion.