JOINER, Judge,
dissenting.
This Court’s decision ostensibly granting James Lynn Canyon’s Rule 32, Ala. R.Crim. P., petition for postconviction relief and remanding this case to the circuit court for that court to “vacate one of [his theft-of-property] convictions and the accompanying sentence” 218 So.3d at 874, is, at this juncture, premature.
Here, as the main opinion explains, Canyon’s Rule 32, Ala.Crim. P., petition was deemed filed on May 15, 2015; it challenged his January 22, 2001, guilty-plea convictions for third-degree burglary, see § 13A-7-7, Ala.Code 1975, first-degree theft of property, see § 13A-8-3, Ala.Code 1975, second-degree theft of property, see § 13A-8-4, Ala.Code 1975, and possession of a forged instrument, see § 13A-9-6, Ala.Code 1975, and his resulting concurrent sentences, as a habitual felony offender, of 20 years’ imprisonment.[1]
In his petition, Canyon alleged that the circuit court “committed a violation of double jeopardy standards” when it “accepted an illegal guilty plea where [first-degree theft of property] and [second-degree theft of property] are of the same criminal offense.” (C. 22.) According to Canyon:
“On or about [April 11, 2000,] sometime between 10:00 p.m. [and] 1:00 a.m. I went to Mr. [Charles] Cash[’s] house and broke in and stole a set of collector’s knifes [sic], a [video-cassette recorder], a check, some gun holsters, a weed eater, a microwave, a .357 pistol, some rods [and] reels, tackle box, and some boxes of ammunition, and a pillowcase. I broke in through the front door and started to look around. I took the items listed above and put them in the car. That was parked in the carport.... I was in the house for about 15 or 20 minutes.
[[Image here]]
“I accepted a plea deal by conditions of all charges in the indictment. I was only offered this deal upon taking all charges at once combined in the plea agreement. I signed the plea deal with the understanding as explained by counsel ... and then the court accepted the plea deal, and we talked back [and] forth, the judge and I with counsel. I was then sentenced to (20) years on each count to be run concurrent with each other.”
*875 (C. 34-35.) To support his allegation that his first-degree and second-degree-theft-of-property convictions arose from the same event, Canyon attached to his petition a copy of the four-count indictment charging him.
On November 23, 2015, the State filed a motion to dismiss. In its motion to dismiss, the State refuted Canyon’s allegation that the two theft offenses arose out of the same event. Specifically, the State alleged:
“As to each of the grounds cited by [Canyon] in his Petition claiming a conviction obtained by a violation of the protection against double jeopardy and lack of jurisdiction by the court to render judgment or impose sentence, both of said grounds, separately and severally, are without any basis in law or in fact due to the fact that [Canyon] committed, and entered pleas of guilty to, four separate substantive offenses, namely, Burglary 3rd Degree, Theft 1st Degree of specifically stated items, Theft 2nd Degree of a pistol, and Possession of a Forged Instrument, 2nd Degree. Pleas of guilty to each of the aforestated offenses are not mutually exclusive, nor are they alternative avernemnts [sic] or charges. Rather, each offense stands on its own and is not part of any of the others. As a result thereof, such fail to provide a basis upon which to grant any relief to [Canyon].”
(C. 52 (emphasis added).) Additionally, the State alleged that Canyon’s claim was precluded under Rule 32.2(a)(3) and (5), Ala. R.Crim. P., and was time-barred under Rule 32.2(c), Ala. R.Crim. P.
On February 16, 2016, the circuit court issued an order summarily dismissing Canyon’s petition under Rule 32.7(d), Ala. R.Crim. P., finding, in part:
“IT APPEARING TO THE COURT that, as to each of the grounds cited by [Canyon] in his Petition wherein he claims a conviction obtained by a violation of the protection against double jeopardy as well as a lack of jurisdiction by the Court to render judgment or impose sentence, each of said grounds, separately and severally, [is] found by this Court to be without any basis in law or in fact, inasmuch as [Canyon] was charged with, and entered pleas of guilty to, four separate substantive offenses, to-wit: Burglary 3rd Degree, Theft 1st Degree of certain specified items, Theft 2nd Degree of a firearm, and Possession of a Forged Instrument, 2nd Degree, each of which charges stands on its own and is not a part of any of the other charges to which [Canyon] entered a plea of guilty; and, as a result thereof, such fail to provide any basis upon which to grant any relief to [Canyon].”
(C. 56-57.) Thereafter, Canyon filed a timely notice of appeal.
“On appeal, Canyon argues that his petition should not have been summarily dismissed because, he argues, the circuit court lacked jurisdiction over his case in that his right to be free from double jeopardy was violated when he was convicted of theft of property in the first degree and theft of property in the second degree as a result of the same burglary.”
218 So.3d at 872 (emphasis added). I agree.
As set out above, Canyon alleged in his Rule 32 petition that his guilty-plea convictions for both first-degree and second-degree theft of property violated double-jeopardy principles because, he said, both offenses arose from one event.
Canyon’s claim, as set out in his petition, is jurisdictional, sufficiently pleaded, and, if true, entitles him to relief. Indeed, this Court has explained:
*876 “This claim is jurisdictional; therefore, it is not precluded by any of the provisions in Rule 32.2. See Ex parte Benefield, 932 So.2d 92 (Ala.2005); Ex parte Robey, 920 So.2d 1069 (Ala.2004); and Young v. State, 892 So.2d 988 (Ala.Crim.App.2004).
; “It, is well settled that ‘[a] single crime cannot be divided into two or more offenses and thereby subject the perpetrator to multiple convictions for the same offense.’ Ex parte Darby, 516 So.2d 786, 787 (Ala.1987). With respect to theft of property, this Court has held that ‘[t]he State cannot convert a single theft of various items of property stolen from the same victim in the same [transaction] into separate offenses by alleging .the theft of different items in separate counts of the indictment.’ Pardue v. State, 571 So.2d 320, 330 (Ala.Crim.App.1989), rev’d on other grounds, 571 So.2d 333 (Ala.1990).”
Lynch v. State, [Ms. CR-14-1582, June 3, 2016] — So.3d -, -(Ala.Crim.App.2016).
Simply because Canyon has sufficiently pleaded a claim that is jurisdictional and, if true, entitles him to relief,, however, does not mean that this Court should, on appeal from the summary dismissal of that claim, grant him his requested Rule 32 relief without requiring him to prove that claim at an evidentiary hearing.
I recognize, of course, that such an approach has, on occasion, been used by both this Court and the Alabama Supreme Court to relieve a petitioner of his burden of proof in a Rule 32 proceeding. See, e.g., Williams v. State, 104 So.3d 254, 265-66 n. 5 (Ala.Crim.App,2012), and the cases cited therein. This approach, however, is used only when the facts underlying the claim are not in dispute and the petitioner would be wasting scarce judicial resources by presenting evidence “that has already been presented to a jury and that is already before this Court by way of judicial notice.” Id. For example, in Lynch, this Court noted:
“ ‘[I]t is unnecessary to remand this case to- allow [Lynch] an opportunity to prove [his] double-jeopardy claim because the facts warranting relief on that claim are not in dispute.... [0]ur holding is not based on [Lynch’s] mere allegations in [his] petition, but on the undisputed evidence present at [Lynch’s] trial, of which this Court has taken judicial notice .... Therefore, as both this Court and the Alabama Supreme Court have done numerous times in the past when the record is clear on its facts that'a Rule 32 petitioner is entitled to relief, we grant that relief, rather than waste scarce judicial resources to remand for [Lynch] to present evidence that has already been presented to a jury and that is already before this Court by way of judicial notice.’
“Williams [v. State], 104 So.3d [254] at 265-66 n. 5 [ (Ala.Crim.App.2012) ].”
Lynch, — So.3d at -n. 3.
Here, unlike in other instances in which this Court has absolved á petitioner of his burden of proof in a Rule 32 proceeding, there is no record on direct appeal of which this Court may take judicial notice and the facts underlying Canyon’s double-jeopardy claim are disputed by the State.[2]
*877 This Court, by granting Canyon’s request for postconviction relief solely on the allegations raised in his petition, absolves Canyon of his burden to prove that claim by a preponderance of the evidence. See Rule 32.3, Ala. R.Crim. P. (“The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.” (emphasis added)). Here,
“[t]he circuit court summarily dismissed [Canyon’s] Rule 32, Ala. R.Crim. P., petition on the pleadings. Rule 32.3, Ala. R.Crim. P., provides that ‘[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.’ Because the circuit court summarily dismissed [Canyon’s] petition on the pleadings, [Canyon] has not had the opportunity to present evidence and has not met [his] burden of ‘proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.’ In other words, although the ‘assertions set forth in the majority’s opinion, if true, [may] entitle [Canyon] to [relief], ... they are merely allegations.’ Patrick[ v. State ], 91 So.3d [756] at 756 [(Ala.Crim.App.2011)] (Welch, J., dissenting).
“Because [Canyon’s] cause is before this Court to review the circuit court’s action on [his] pleadings ..,, I do not believe that it is appropriate for this Court to order the circuit court to vacate one of [Canyon’s] convictions. In other words, this Court should not summarily grant relief based on a Rule 32 petitioner’s pleadings. Instead, this Court should apply Rule 32.2, Ala. R.Crim. P., and remand the cause to the circuit court with instructions for it hold an evidentiary hearing or accept evidentia-ry submissions, thus providing [Canyon] with an opportunity to present evidence in an attempt to prove [his] claim. Rule 32.9, Ala. R.Crim. P.”
Williams, 104 So.3d at 266-67 (Windom, P.J., dissenting). Therefore, I respectfully dissent.
WINDOM, P.J., concurs.

. As the main opinion notes, Canyon did not file a direct appeal of his conviction and sentence.

. The main opinion, in its procedural history ' óf this case, indicates that "the State argued that1 the pistol taken from the victim’s house ■was the basis for the second-degree-theft-of-property conviction and the other items ... taken, from the victim’s home were the basis for the first-degree-theft-of-property charge,”. 218 So.3d at 872, This statement implies that 'the State concedes the facts underlying Canyon’s double-jeopardy claim. I can find no *877 such concession in the record on appeal. Indeed, as I have quoted above, the State, in its motion to dismiss, alleged that each offense was separate. Moreover, although Canyon attached a copy of his four-count indictment to his petition, that indictment does not indicate that the two theft offenses arose out of the same act. The indictment certainly does not indicate that the pistol and the other items taken by Canyon were taken from the victim’s house. At most, the indictment demonstrates that the victim owned all the property that was taken by Canyon.